✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  SOUTHERN | District of | NEW YORK |
|---|---|---|

JACQUELYN WHITE,

                              **Plaintiff,**

                                                V.

DEPARTMENT OF CORRECTIONAL SERVICES ("DOCS"), NEW YORK
STATE, SUPERINTENDENT JOSEPH WILLIAMS, DEPUTY SUPERINTENDENT
OF SECURITY NICHOLAS BROCCO (retired), Acting
DEPUTY SUPERINTENDENT OF SECURITY SALVATORE MUNAFO,
LT. RONALD HAINES, LT. GEORGE VAN VALKENBURG AND
LT. ROBERT MURRAY, sued in their individual and
professional capacity,

                              **Defendants.**

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

## 08 CV 0993

## JUDGE KOELTL

TO: (Name and address of Defendant)


    (SEE ATTACHED LIST)


**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    CRONIN & BYCZEK, LLP
    1983 Marcus Avenue — Suite C-120
    Lake Success, New York  11042



an answer to the complaint which is served on you with this summons, within _____**20**_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.


J. MICHAEL McMAHON

CLERK

*W. Marcos Quintero*

(By) DEPUTY CLERK

JAN 3 0 2008

DATE

DEPARTMENT OF CORRECTIONAL SERVICES
1220 Washington Avenue
Albany, New York  12226

ELIOT SPITZER
Attorney General of the State of New York
Department of Law
120 Broadway, 24th Floor
New York, New York  10271

SUPERINTENDENT JOSEPH WILLIAMS
Lincoln Correctional Facility
31 West 110th Street
New York, New York  10026-4398

DEPUTY SUPERINTENDENT OF SECURITY NICHOLAS BROCCO (Retired)
c/o Lincoln Correctional Facility
31 West 110th Street
New York, New York 10026-4398

Acting DEPUTY SUPERINTENDENT OF SECURITY SALVATORE MUNAFO
Lincoln Correctional Facility
31 West 100th Street
New York, New York 10026-4398

LIEUTENANT RONALD HAINES
Lincoln Correctional Facility
31 West 100th Street
New York, New York 10026-4398

LIEUTENANT GEORGE VAN VALKENBURG
Lincoln Correctional Facility
31 West 100th Street
New York, New York 10026-4398

LIEUTENANT ROBERT MURRAY
Lincoln Correctional Facility
31 West 100th Street
New York, New York 10026-4398

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
JACQUELYN WHITE,

                              Plaintiff,

       - against -

DEPARTMENT OF CORRECTIONAL SERVICES
("DOCS"), NEW YORK STATE, SUPERINTENDENT
JOSEPH WILLIAMS, DEPUTY SUPERINTENDENT OF
SECURITY NICHOLAS BROCCO (retired),
Acting DEPUTY SUPERINTENDENT OF SECURITY
SALVATORE MUNAFO, LT. RONALD HAINES,
and LT. GEORGE VAN VALKENBURG, LT. ROBERT
MURRAY sued in their individual and
professional capacity,

                              Defendants.
--------------------------------------------X

       The Plaintiff, JACQUELYN WHITE, by her attorneys, CRONIN &

BYCZEK, LLP, as and for her Complaint against the Defendants,

respectfully sets forth:

## NATURE OF ACTION

       1.    Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e et seq. provides relief against gender discrimination and

retaliation in employment and to correct unlawful employment

practices on the basis of the Plaintiff's gender, and as

retaliation.  This action also seeks relief in violation of Civil

Rights Acts 42 U.S.C. §1983.

       2.    This is also an action for declaratory relief and

pecuniary damages to secure protection of and to redress

deprivation of rights secured by the United States Constitution

and New York State Executive Law §296.

1

## JURISDICTION

3.    The jurisdiction of this Court is invoked based upon Federal questions.    Further, the jurisdiction of this Court is invoked pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C. 1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. 2000e through 2000e(15).

4.    Further, the rights, privileges, and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, as well as provisions against discrimination based on gender and retaliation, in Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and guidelines and rules promulgated hereunder and along with the applicable provisions of the New York State Constitution, New York State Executive Law §296

5.    In addition, the pendant jurisdiction of this Court is also invoked with regard to Plaintiff's claims sounding in state law.

## PREREQUISITES FOR TITLE VII
## DISCRIMINATION IN EMPLOYMENT ACTS

6.    On or about July 3, 2006, Plaintiff filed a Complaint of employment discrimination with New York State Division of Human Rights, and the United States Equal Employment Opportunity Commission ("EEOC").

7.    Said Complaint charged employment discrimination against Plaintiff by the Department of Correctional Services ("DOCS"), Lincoln Correctional Facility and Plaintiff's supervisors at Lincoln Correctional Facility, because of

2

Plaintiff's gender and hostile work environment and retaliation.

8.    Subsequent to Plaintiff's filing of the charge, she received a "Right to Sue" letter, advising her that she has the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended.

9.    On October 29, 2007, EEOC issued a "Right to Sue" letter advising Plaintiff of the completion of her prerequisites to file suit in Federal Court.  Plaintiff received said "Right to Sue" letter from the EEOC on November 3, 2007.  This lawsuit is commenced within ninety (90) days of receipt of said notice.  A copy of Notice of Right to Sue letter is attached as **Exhibit "A"**.

## VENUE

10.    Venue exists in the Southern District of this Court based upon the Plaintiff's residence and Defendants' place of business and as being the district in which the events giving rise to the claims occurred under 28 U.S.C. §1391(b).

11.    Further, venue is proper within this District, as the acts complained of were and are being committed within its boundaries.

## PARTIES

12.    Plaintiff WHITE, is a resident of City, County and State of New York, is over twenty one (21) years of age, and is a citizen of the United States.

13.    Plaintiff is currently a female, and was during all times relevant to the complaint.  As a female, she is a member of

3

a "protected class" in accordance with the Title VII of the Civil Rights Act of 1964, and various state anti-discrimination laws.

14. Plaintiff is employed by DOCS at Lincoln Correctional Facility located at 31 West 110th Street, New York, New York, and has been so employed with DOCS since May 19, 1986 and stationed at Lincoln Correctional Facility since 1992 to the present.

15. At all times herein, the State of New York, acting through the New York State Department of Correctional Services ("DOCS"), was responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters and was responsible for the appointment, training, supervision, and conduct of all DOCS personnel, including the individual defendants referenced herein. In addition, at all relevant times, the State of New York was responsible for enforcing the rules of the DOCS, and for ensuring that DOCS personnel obey the laws of the United States and the State of New York.

16. At all times material herein, the DOCS employed the defendants, JOSEPH WILLIAMS, NICHOLAS BROCCO, SALVATORE MUNAFO, RONALD HAINES and GEORGE VAN VALKENBURG, who were all supervisory staff at Lincoln Correctional Facility acting in the capacity of agents, servants, and employees of the DOCS, and within the scope of their employment as such.

17. Defendant, Superintendent JOSEPH WILLIAMS ("WILLIAMS") was at all relevant times an employee of "DOCS" and the Superintendent of Lincoln Correctional Facility, and Plaintiff's supervisor at the Lincoln Correctional Facility. He was involved

4

in the harassment and retaliation of the Plaintiff as a result of Plaintiff's opposition to gender discrimination within Lincoln C.F. and complaints to other supervisors and policy makers within Lincoln C.F. regarding WILLIAMS' condoning gender discrimination and retaliation against Plaintiff. WILLIAMS is being sued in his individual and official capacity.

18.   Defendant, Acting Deputy Superintendent of Security SALVATORE MUNAFO ("MUNAFO") was at all relevant times an employee of "DOCS" and the Acting Deputy Superintendent of Security, and formerly a Lieutenant at Lincoln Correctional Facility, and Plaintiff's supervisor at the Lincoln Correctional Facility.  He was involved in the harassment and retaliation of the Plaintiff as a result of Plaintiff's opposition to gender discrimination within Lincoln C.F. and complaints to other supervisors and policy makers within Lincoln C.F. regarding MUNAFO'S condoning gender discrimination and retaliation against Plaintiff.  MUNAFO is being sued in his individual and official capacity.

19.   Defendant Deputy Superintendent of Security NICHOLAS BROCCO ("BROCCO") Defendant, Deputy Superintendent of Security was at all relevant times an employee of "DOCS" and Plaintiff=s supervisor at the Lincoln Correctional Facility.  He was involved in the harassment and retaliation of the Plaintiff as a result of Plaintiff's opposition to gender discrimination within "DOCS" and complaints to other supervisors and policy makers within "DOCS" regarding Defendants condoning gender discrimination and

retaliation against Plaintiff. BROCCO is being sued in his individual and official capacity.

20. Defendant Lieutenant RONALD HAINES ("HAINES") was at all relevant times an employee of "DOCS" and Plaintiff's supervisor at the Lincoln Correctional Facility. HAINES holds the rank of Lieutenant. HAINES was involved in the harassment and retaliation of the Plaintiff as a result of Plaintiff's complaints to EEOC and New York State Division of Human Rights ("NYSDHR"), other supervisors and policy makers within "DOCS" regarding gender discrimination and retaliatory conduct on the parts of the individual defendants. HAINES is being sued in his individual and official capacity.

21. Defendant Lieutenant GEORGE VAN VALKENBURG ("VAN VALKENBURG") was at all relevant times an employee of "DOCS" and Plaintiff's supervisor at the Lincoln Correctional Facility. VAN VALKENBURG holds the rank of Lieutenant. VAN VALKENBURG was involved in the harassment and retaliation of the Plaintiff as a result of Plaintiff's complaints to EEOC and New York State Division of Human Rights ("NYSDHR"), other supervisors and policy makers within "DOCS" regarding gender discrimination and retaliatory conduct on the parts of the individual defendants. VANK VALKENBURG is being sued in his individual and official capacity.

22. Defendant Lieutenant ROBERT MURRAY ("MURRAY") was at all relevant times an employee of "DOCS" and Plaintiff's supervisor at the Lincoln Correctional Facility. MURRAY holds the rank of Lieutenant. MURRAY was involved in the harassment

6

and retaliation of the Plaintiff as a result of Plaintiff's
complaints to EEOC and New York State Division of Human Rights
("NYSDHR"), other supervisors and policy makers within "DOCS"
regarding gender discrimination and retaliatory conduct on the
parts of the individual defendants.  MURRAY is being sued in his
individual and official capacity.

23.  At all times alleged herein and in their actions
described herein, the defendants were acting under color of law
and under color of their authority as supervisors and policy
makers at Lincoln Correctional Facility and the State of New
York.

**FACTS**

24.  Plaintiff began her employment with "DOCS" on May 19,
1986 as a correction officer at Bedford Hills Correctional
Facility.  In 1992, Plaintiff transferred to Lincoln Correctional
Facility in New York City, New York.

25.  While at Lincoln Correctional Facility, Plaintiff was
and continued to be the Relief Officer for the Release Process
Booth and Officer in Charge post.

26.  On or about August of 2004, Defendants ordered that the
area near the Release Process Booth was to be painted, including
tables utilized for inmate processing.

27.  Plaintiff complained to her supervisors, including
MUNAFO, that the fumes from the painting were creating a health
risk to her and she wanted the painting to cease.

28.  Defendants refused to cease the painting, therefore Plaintiff filed a Complaint with the Occupation Safety and Health Administration ("OSHA") in reference to the painting and Defendants' failure to post a warning regarding fumes and possible health risks.

29.  After Defendants received knowledge that Plaintiff had complained to OSHA, MUNAFO told Plaintiff that she should not have gone to OSHA to complain because she was going to get everyone in trouble.  Plaintiff responded to MUNAFO "if you won't help me, I will have to help myself."

30.  As a result of calling OSHA, Defendants ordered the painting to stop during Plaintiff's working hours.

31.  On or about February 2006, Plaintiff advised her Union, NYSCOPBA, who then filed a complaint with Lincoln Correctional Facility, that the Defendants, HAINES, MUNAFO, VAN VALKENBURG and other supervisors were living in the basement with the approval of BROCCO in violation of Directive 4005.

32.  Prior to May 3, 2006, the position of Release Process Booth was a non-gender specific position (not a male only position) requiring, among other duties, the taking of urine samples and performing strip frisks of inmates coming and going to work or on home furloughs.

33.  The position of Release Process Booth has always had at least one female officer assigned and as many as three female officers assigned.

34.  Plaintiff has always been able to perform all of the duties required for the Release Process Booth position and

**8**

continues to do so to this day. Whenever a urine test or strip frisk was required of a male inmate, Plaintiff was able to use an available male staff member to complete said tasks, which are a small part of the position's duties.

35. "DOCS" has and continues to follow a policy and practice of allowing the female officers who work the Release Process Booth bid to utilize available male personnel, some of whom are not part of the Release Process Booth bid position as necessary to complete the taking of urine samples and/or search frisks of male inmates.

36. On May 3, 2006 Lincoln Correctional Facility posted a job for assignment Release Process Booth/O.I.C. Post No. 0032; Tour II; Squad 8 requiring for bid by male officers only.

37. Prior to May 3, 2006, the Lincoln Correctional Facility had never received any complaints by any inmates or officers regarding the duties of the Release Process Booth Officer in reference to urine testing and frisk searches.

38. The position of Release Process Booth/O.I.C. has always been configured for male and female officers to perform most duties with the caveat that other males could be supervised by females to insure that urine tests and strip searching is completed, and vice versa.

39. The females that work the Release Process Booth/O.I.C. perform all the duties that are required without any difficulties and/or lack of capability.

40. Defendants' decision to demand that only male officers apply for the Release Process Booth/O.I.C. bid position is

inconsistent with the actual work being done by female correction officers at that same bid position.

41. Despite the fact that the posting specifically stated that only male correction officers were to apply, Plaintiff submitted her bid since she was performing the job and duties of the Release Process Booth/Officer in charge position for many years without a problem or difficulty in performing her duties, Plaintiff was the most qualified and therefore submitted a Bid Form pursuant to Article 24, Seniority, Section 3 of the agreement between the State of New York and the Security Unit employees, NYSCOPBA.

42. Despite Plaintiff being the most qualified officer based on seniority and experience as a Release Process Booth/O.I.C. Officer, Plaintiff's bid was denied and was returned with an "Unsuccessful" marking.  The Bid Form also contained handwriting from Sgt. Wilson as "*Not allowed".

43. On or about July 3, 2006, Plaintiff filed a complaint of sex/gender discrimination with the New York State Division of Human Rights and simultaneously with the EEOC.

44. On or about April 2007, Plaintiff complained to Defendants and her Union regarding gender discrimination and the male only post position.

45. On or about May 29, 2007, Plaintiff received a Notice of Discipline as a result of a complaint filed by HAINES whereby he alleged that Plaintiff had left her post without authorization and was found by HAINES in the Release Processing Booth area wherein he claims she had not business.  HAINES also accused

Plaintiff of being insubordinate for not leaving the Release Processing Booth area in a timely manner. Said improper conduct on behalf of HAINES was in retaliation of Plaintiff's discrimination and whistle blowing complaints.

46. On or about May 31, 2007, Plaintiff filed a grievance through her Union in regards to the Notice of Discipline dated May 29, 2007. Said grievance has yet to be resolved.

47. On May 31, 2007, VAN VALKENBURG issued a formal counseling letter to Plaintiff as a result of an entry Plaintiff made in the logbook in retaliation for Plaintiff's prior discrimination and whistle blowing complaints.

48. On July 12, 2007, BROCCO informed Plaintiff that he would not remove the counseling letter issued by VAN VALKENBURG and that said letter would remain in her personnel folder.

49. On or about August 18, 2007, HAINES issued a formal counseling memo to Plaintiff for allegedly allowing an inmate to pass outside the Lincoln Correctional Facility without proper authorization despite the fact that the responsibility permitting the inmate to leave the Facility was that of Officer Haqq. Said counseling memo was issued improperly in order to retaliate and harass Plaintiff due to her prior discriminatory and whistle blowing complaints.

50. On or about September 24, 2007, Plaintiff's immediate supervisor, Sgt. Robert Wilson, gave Plaintiff an "Excellent Performance Rating" which denotes that "The employee always meets and frequently exceeds performance expectations for all tasks. The employee is performing better than expected for many of the

tasks and is recognized as a particular asset to the work unit" for 5/19/06 to 5/19/07 time period.

51. Despite plaintiff's immediate supervisor's evaluation on September 26, 2007, Defendant MURRAY stated in the same evaluation that Plaintiff "appears to be more intent in creating disharmony in her workplace". Said comment by MURRAY in the evaluation occurred after Plaintiff's discrimination and whistle blowing complaints were filed.

52. On or about November 2007, Defendants posted a bid position for the Release Process Booth/O.I.C. Plaintiff and another officer submitted a bid form for the post.

53. On or about January 2008, despite Plaintiff being the most qualified and having at least six more years of seniority than the other officer that applied for the same position, Plaintiff was denied the bid post in violation of the Collective Bargaining Agreement and Federal and State law because she was a female.

54. Since no one was qualified for the Release Process Booth/O.I.C. bid position other than the Plaintiff, Defendants continued to post the position on the bulletin board so that they can offer it to a qualified officer other than the Plaintiff simply because she is a female and due to her prior discrimination and whistle blowing complaints.

55. These retaliatory incidents and the condoning of said actions by the Defendants clearly give rise to a claim of Retaliation and Hostile Working Environment.

56. Since the making and filing of the complaints with

Defendants, Defendants have continuously denied the bid position of Release Process Booth/O.I.C. to the Plaintiff despite the fact that she has been the more senior and experienced applicant and possesses an unblemished record.

57. Said denial by the Defendants was done in retaliation for Plaintiff's filing of claim with New York State Division of Human Rights, EEOC and internally with the Department of Correctional Services through her Union.

58. Defendants have a policy and practice of allowing and condoning discriminatory, retaliatory and a hostile working environment to the detriment of the Plaintiff.

59. As a result of Plaintiff's complaints to the Defendants, in regards to the gender discrimination and comments along with the resulting retaliation and hostile work environment, Plaintiff has been humiliated and economically and emotionally damaged.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT AS AMENDED AGAINST THE DEFENDANT, NEW YORK STATE AND DEPARTMENT OF CORRECTIONAL SERVICES

60. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" with the same force and effect as if fully set forth herein.

61. Based upon the foregoing, the Plaintiff was purposefully and intentionally treated differently and unequally from male employees by virtue of her sex and gender, and in retaliation, all to her detriment.

62.  Defendant  DOCS  intentionally  and  willfully discriminated against the Plaintiff in her employment on account of her sex and gender in violation of Title VII of the Civil Rights Act of 1964 as amended, and in retaliation for complaints made by her with respect to her employment.

63.  The discrimination directed toward the Plaintiff as described herein, without cause or justification, constitutes gender discrimination.

64.  The aforementioned discriminatory conduct was caused by the wrongful, careless, reckless and intentional acts of Defendants.

65.  No significant action was taken by DOCS to remedy these discriminatory acts, despite Plaintiff's repeated requests.

66.  As a result of the Defendant's conduct, Plaintiff has suffered economic loss, pain, humiliation, extreme emotional distress and continues to suffer to this day.  Further, as a result of the Defendant's conduct, Plaintiff has suffered both professionally and personally.

67.  As a result of the foregoing, the Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO TITLE VII FOR A HOSTILE WORK ENVIRONMENT AGAINST DEFENDANT DOCS AND THE STATE OF NEW YORK**

68.  The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" with the same force and effect as if fully set forth herein.

14

69. Based on the above, the Defendants intentionally and willfully discriminated against the Plaintiff in her employment on the account of her sex and gender, and in retaliation by creating a hostile work environment in violation of the New York State Constitution, the Constitution of the United States, applicable statutes, and the New York State Executive Law §296.

70. The Defendants knew or should have known that their Defendant employees had a propensity to act in a harassing and discriminatory manner, inasmuch as a previous complaint had been registered by other officers about Defendants' inappropriate behavior.

71. The Defendants' discrimination, harassment, and retaliation, was severe and pervasive so as to alter the conditions of the Plaintiff's employment.

72. As a result, the Defendants' actions created an abusive working environment in that the Plaintiff was verbally harassed and retaliated against in the presence of supervisors and fellow employees.

73. The Defendants' conduct caused irreparable professional harm, humiliation and damage to the professional standing of Plaintiff.

74. As a result of these negligent, wrongful, careless, reckless and intentional acts of the Defendants, Plaintiff suffered severe and extreme emotional distress and conscious pain and suffering and economic damages.

75. That as a result of the Defendants' conduct, the

Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. §1983 AGAINST INDIVIDUAL DEFENDANTS

76. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "75" with the same force and effect as if fully set forth herein.

77. Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the Plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, Freedom of Speech pursuant to the First and Fifth Amendments of the Constitution and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

78. Plaintiff has been deprived of her Constitutional Rights to be free of discrimination based upon her gender and sex, and opposition to discrimination and workplace violations and has been damaged and suffered emotional distress, economic damages and conscious pain and suffering as a result of these actions.

79. The actions of Defendants, in depriving Plaintiff of her constitutional and civil rights, as hereinbefore stated, were willful and malicious acts.

80. In addition to Plaintiff, Defendants have similarly

16

violated the rights of other female officers, all as part of a deliberate policy and practice and a deliberate course of conduct.

81. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

82. Based on the foregoing, Plaintiff is entitled to punitive and exemplary damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR AN INJUNCTION

83. Paragraphs "1" through "82" are hereby incorporated by reference as though fully set forth here.

84. Defendants have embarked on a course of conduct that deprives the Plaintiff and other female Correction Officers of their rights under the United States Constitution, federal and state laws, in violation of 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, and New York State Human Rights & Executive Law.

85. The facts and circumstances cited above with reference to the Constitutional and other civil rights violations suffered by Plaintiff and other female Correction Officers is an example of Defendants' conduct violative of Plaintiff's civil rights.

86. The actions of Defendants, acting under color of state and local law, custom and usage, have deprived and will deprive Plaintiff and other female officers in the future, of their rights, privileges and immunities under the laws and Constitution

of the United States, and in particular, of their right to be free of employment practices that are based solely upon gender and sex.

87. Defendants' acts and omissions deprived the Plaintiff of her Federal Constitutional protection and have caused and will cause the Plaintiff to suffer damages in violation of 42 U.S.C. §1983 and Title VII.

88. By virtue thereof Plaintiff is entitled to a permanent injunction with the DOCS and Lincoln Correctional Facility, together with compensatory and punitive damages, and prohibiting the Defendants from continuing to violate other officer's civil rights as hereinbefore stated.

### AS AND FOR A FIFTH CAUSE OF ACTION BASED ON NEW YORK STATE EXECUTIVE LAW §296 NEW YORK STATE CONSTITUTION AND HUMAN RIGHTS LAW AGAINST ALL DEFENDANTS

89. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "88" with the same force and effect as if fully set forth herein.

90. Based on the foregoing, the Defendants intentionally and willfully discriminated against the Plaintiff in her employment on account of her sex, gender, in retaliation for her opposition to discriminatory practices, and by creating as a hostile work environment, all in violation of New York State Executive Law §296, the New York State Human Rights Law and the New York State Constitution.

91. As a result of the Defendants' actions and of the deprivations of her rights as guaranteed under New York State

18

Executive Law §296, the Plaintiff has suffered economic loss, pain, humiliation and extreme emotional distress.

92. Plaintiff has been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions and of these deprivations of Constitutional and Civil Rights, as guaranteed under Article I, Section II of the New York State Constitution and under New York State Human Rights Law and Executive Law §296, which constitute unlawful discrimination against the Plaintiff.

93. As a result of the negligent, wrongful, careless, reckless and intentional acts of the Defendants, the Plaintiff is seeking compensatory and punitive damages in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION BASED UPON
### BREACH OF CONTRACT AGAINST DEFENDANTS

94. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendant DOCS is governed by a Collective Bargaining Agreement entered into with the Corrections Officers Union, NYSCOPBA with respect to their conduct, oversight and administration of the correction officers at Lincoln Correctional Facility.

96. The Defendants intentionally and willfully violated

the anti-discrimination policies of the Collective Bargaining Agreement in discriminating against the Plaintiff in her employment on the account of her sex and gender and in retaliation, and by operating a hostile work environment, and improperly denying her the bid position of Release Process Booth/Officer in Charge.

97. That the Defendants' actions created an abusive working environment in violation of the Collective Bargaining Agreement, including but not limited to, verbal harassment of the Plaintiff in the presence of supervisors and fellow employees.

98. That the Defendants' conduct caused irreparable professional harm and damage to the professional standing of Plaintiff.

99. As a result of these wrongful and intentional acts and violations of the Collective Bargaining Agreement, Plaintiff suffered severe and extreme emotional distress and conscious pain and suffering.

100. That as a result of the Defendants' conduct, the Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS. Further, Plaintiff seeks punitive damages against the individual defendants in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION BASED UPON NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION OF THE INDIVIDUAL DEFENDANTS AGAINST DOCS AND THE STATE OF NEW YORK

101. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "100" with the same force and effect as if fully set forth herein.

102. Based on the foregoing, Defendants, DOCS and the State of New York, were negligent in the hiring, training, supervision and retention of the individual Defendants, by failing to respond to Plaintiff's complaint, in failing to remedy conditions of employment and discriminatory acts by the individual Defendants after due notice thereof.

103. Following Plaintiff's complaints, and her written NYSDHR and EEOC charge and due notice of the individual Defendants, discriminatory behaviors, Defendants DOCS and New York State negligently trained, supervised and retained the individual defendants, thus permitting further retaliatory and discriminatory conduct against Plaintiff.

104. That the Defendants' conduct caused irreparable professional harm and damage to the professional standing of Plaintiff.

105. As a result of these wrongful, negligent and intentional acts and violations of the Collective Bargaining Agreement, Plaintiff suffered severe and extreme emotional distress and conscious pain and suffering.

106. That as a result of the Defendants' conduct, the

21

Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

## JURY TRIAL

The Plaintiff, WHITE, requests a jury trial on all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

A.    For the First Cause of Action against DOCS and the State of New York in the amount of Two Million ($2,000,000.00) Dollars;

B.    For the Second Cause of Action against DOCS and the State of New York in the amount of Two Million ($2,000,000.00) Dollars;

C.    For the Third Cause of Action against individual Defendants in the amount of Two Million ($2,000,000.00) Dollars and Punitive damages in the amount of Two Million ($2,000,000.00) Dollars;

D.    For the Fourth Cause of Action granting Plaintiff a permanent injunctive relief;

E.    For the Fifth Cause of Action against Defendants in the amount of Two Million ($2,000,000.00) Dollars and Punitive damages in the amount of Two Million ($2,000,000.00) Dollars;

F.    For the Sixth Cause of Action against Defendants in the amount of Two Million ($2,000,000.00) Dollars and Punitive damages in the amount of Two Million ($2,000,000.00) Dollars;

G.    For the Seventh Cause of Action against DOCS and the State of New York in the amount of Two Million ($2,000,000.00) Dollars; and

H.    In all causes of action, reasonable attorneys fees, pre judgment interest, costs of this action and for such other relief as this Court may deem just and proper.

Dated:    Lake Success, New York
          January 29, 2008

                              CRONIN & BYCZEK, LLP


                              Rocco G. Avallone (RA8055)
                              1983 Marcus Avenue, Suite C-120
                              Lake Success, New York 11042
                              (516) 358-1700

23

**EXHIBIT A**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Jacquelyn A. White
2155 Madison Avenue, Apt 10-G
New York, NY 10037

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2006-03651 | Holly M. Woodyard, Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

10/29/07
(Date Mailed)

Enclosures(s)

cc: NEW YORK STATE, DEPT OF CORRECTIONAL SERVICES
611 Edgecombe Avenue
New York, NY 10032
Attn: Human Resource Director

Index No.                    Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELYN WHITE,

                                                        Plaintiff,

            - against -

DEPARTMENT OF CORRECTIONAL SERVICES (''DOCS''), NEW YORK STATE,
SUPERINTENDENT JOSEPH WILLIAMS, et al.,

                                                        Defendants.

SUMMONS and COMPLAINT

Cronin & Byczek, LLP
1983 Marcus Avenue – Suite C120
Lake Success, New York 11042
(516) 358-1700

*To:*

*Attorney(s) for*

*Service of a copy of the within*                          *is hereby admitted.*

*Dated:*                    .......................................................

                           *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐          *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*                20
ENTRY

☐          *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF            *one of the judges of the within named Court,*
SETTLEMENT  *at*
            *on*                    20        *, at*              *M.*

*Dated:*

                           Cronin & Byczek, LLP
                           1983 Marcus Avenue – Suite C120
                           Lake Success, New York 11042
                           (516) 358-1700

*To:*

*Attorney(s) for*

N 912 CL