UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JACQUELYN WHITE,

**DECLARATION OF**
**JULINDA DAWKINS**

Plaintiff,

08-CV-0993 (JGK)(DCF)

-against-

ECF Case

DEPARTMENT OF CORRECTIONAL SERVICES
("DOCS"), NEW YORK STATE,
SUPERINTENDENT JOSEPH WILLIAMS,
DEPUTY SUPERINTENDENT OF SECURITY
NICHOLAS BROCCO (retired), ACTING DEPUTY
SUPERINTENDENT OF SECURITY
SALVATORE MUNAFO, LT. RONALD HAINES,
LT. GEORGE VAN VALKENBURG, AND
 LT. ROBERT MURRAY,
SUED IN THEIR INDIVIDUAL AND
PROFESSIONAL CAPACITY,

Defendants.

-------------------------------------------------------------------X

JULINDA DAWKINS, an attorney duly licensed to practice law before this Court,

declares the following to be true under penalty of perjury:

1.      I am an Assistant Attorney General in the office of ANDREW M. CUOMO,

Attorney General of the State of New York, counsel for defendants, the State of New York, the

New York State Department of Correctional Services ("DOCS"), Joseph Williams, Nicholas

Brocco, Salvatore Munafo, Ronald Haines, George Van Valkenburg and Robert Murray

(collectively "defendants").

2.      I am fully familiar with the complaint as well as the motion papers herein, and

submit this declaration in connection with defendants' motion to dismiss the complaint pursuant

to Fed. R. Civ. P. 12(b)(1) and (6).  The exhibits related to the defendants' motion are annexed

hereto and constitute a true and accurate copy of the following identified documents:

**EXHIBIT A**     Plaintiff's complaint dated January 29, 2008.

**EXHIBIT B**     The docket sheet in this action, 08-CV-0993 (JGK)(DCF).

**EXHIBIT C**     Plaintiff's July 3, 2006 New York State Division of Human Rights
                  ("SDHR") Charge of Discrimination.

**EXHIBIT D**     The SDHR's September 13, 2007 Determination and Order After
                  Investigation.


Dated: New York, New York
       June 30, 2008

                                         JULINDA DAWKINS

EXHIBIT A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |
|---|---|---|

JACQUELYN WHITE,

                                        **Plaintiff,**          **SUMMONS IN A CIVIL ACTION**

            V.

DEPARTMENT OF CORRECTIONAL SERVICES ("DOCS"), NEW YORK
STATE, SUPERINTENDENT JOSEPH WILLIAMS, DEPUTY SUPERINTENDENT
OF SECURITY NICHOLAS BROCCO (retired), Acting   CASE NUMBER:
DEPUTY SUPERINTENDENT OF SECURITY SALVATORE MUNAFO,
LT. RONALD HAINES, LT. GEORGE VAN VALKENBURG AND
LT. ROBERT MURRAY, sued in their individual and
professional capacity,

                                        **Defendants.**

# 08 CV 0993

# JUDGE KOELTL

TO: (Name and address of Defendant)

        (SEE ATTACHED LIST)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

        CRONIN & BYCZEK, LLP
        1983 Marcus Avenue — Suite C-120
        Lake Success, New York    11042

an answer to the complaint which is served on you with this summons, within _____ **20** _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

CLERK _Marcos Quintero_

(By) DEPUTY CLERK

                                        JAN 3 0 2008

DATE

DEPARTMENT OF CORRECTIONAL SERVICES
1220 Washington Avenue
Albany, New York   12226

ELIOT SPITZER
Attorney General of the State of New York
Department of Law
120 Broadway, 24th Floor
New York, New York   10271

SUPERINTENDENT JOSEPH WILLIAMS
Lincoln Correctional Facility
31 West 110th Street
New York, New York   10026-4398

DEPUTY SUPERINTENDENT OF SECURITY NICHOLAS BROCCO (Retired)
c/o Lincoln Correctional Facility
31 West 110th Street
New York, New York 10026-4398

Acting DEPUTY SUPERINTENDENT OF SECURITY SALVATORE MUNAFO
Lincoln Correctional Facility
31 West 100th Street
New York, New York 10026-4398

LIEUTENANT RONALD HAINES
Lincoln Correctional Facility
31 West 100th Street
New York, New York 10026-4398

LIEUTENANT GEORGE VAN VALKENBURG
Lincoln Correctional Facility
31 West 100th Street
New York, New York 10026-4398

LIEUTENANT ROBERT MURRAY
Lincoln Correctional Facility
31 West 100th Street
New York, New York 10026-4398

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
JACQUELYN WHITE,

                                 Plaintiff,

          - against -

DEPARTMENT OF CORRECTIONAL SERVICES
("DOCS"), NEW YORK STATE, SUPERINTENDENT
JOSEPH WILLIAMS, DEPUTY SUPERINTENDENT OF
SECURITY NICHOLAS BROCCO (retired),
Acting DEPUTY SUPERINTENDENT OF SECURITY
SALVATORE MUNAFO, LT. RONALD HAINES,
and LT. GEORGE VAN VALKENBURG, LT. ROBERT
MURRAY sued in their individual and
professional capacity,

                                 Defendants.
---------------------------------------------X

     The Plaintiff, JACQUELYN WHITE, by her attorneys, CRONIN &
BYCZEK, LLP, as and for her Complaint against the Defendants,
respectfully sets forth:

## NATURE OF ACTION

     1.   Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§2000e et seq. provides relief against gender discrimination and
retaliation in employment and to correct unlawful employment
practices on the basis of the Plaintiff's gender, and as
retaliation.   This action also seeks relief in violation of Civil
Rights Acts 42 U.S.C. §1983.

     2.   This is also an action for declaratory relief and
pecuniary damages to secure protection of and to redress
deprivation of rights secured by the United States Constitution
and New York State Executive Law §296.

## JURISDICTION

3. The jurisdiction of this Court is invoked based upon Federal questions. Further, the jurisdiction of this Court is invoked pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C. 1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. 2000e through 2000e(15).

4. Further, the rights, privileges, and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, as well as provisions against discrimination based on gender and retaliation, in Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and guidelines and rules promulgated hereunder and along with the applicable provisions of the New York State Constitution, New York State Executive Law §296

5. In addition, the pendant jurisdiction of this Court is also invoked with regard to Plaintiff's claims sounding in state law.

## PREREQUISITES FOR TITLE VII DISCRIMINATION IN EMPLOYMENT ACTS

6. On or about July 3, 2006, Plaintiff filed a Complaint of employment discrimination with New York State Division of Human Rights, and the United States Equal Employment Opportunity Commission ("EEOC").

7. Said Complaint charged employment discrimination against Plaintiff by the Department of Correctional Services ("DOCS"), Lincoln Correctional Facility and Plaintiff's supervisors at Lincoln Correctional Facility, because of

2

Plaintiff's gender and hostile work environment and retaliation.

8.    Subsequent to Plaintiff's filing of the charge, she received a "Right to Sue" letter, advising her that she has the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended.

9.    On October 29, 2007, EEOC issued a "Right to Sue" letter advising Plaintiff of the completion of her prerequisites to file suit in Federal Court. Plaintiff received said "Right to Sue" letter from the EEOC on November 3, 2007. This lawsuit is commenced within ninety (90) days of receipt of said notice.  A copy of Notice of Right to Sue letter is attached as **Exhibit "A"**.

### VENUE

10.    Venue exists in the Southern District of this Court based upon the Plaintiff's residence and Defendants' place of business and as being the district in which the events giving rise to the claims occurred under 28 U.S.C. §1391(b).

11.    Further, venue is proper within this District, as the acts complained of were and are being committed within its boundaries.

### PARTIES

12.    Plaintiff WHITE, is a resident of City, County and State of New York, is over twenty one (21) years of age, and is a citizen of the United States.

13.    Plaintiff is currently a female, and was during all times relevant to the complaint. As a female, she is a member of

3

a "protected class" in accordance with the Title VII of the Civil Rights Act of 1964, and various state anti-discrimination laws.

14. Plaintiff is employed by DOCS at Lincoln Correctional Facility located at 31 West 110th Street, New York, New York, and has been so employed with DOCS since May 19, 1986 and stationed at Lincoln Correctional Facility since 1992 to the present.

15. At all times herein, the State of New York, acting through the New York State Department of Correctional Services ("DOCS"), was responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters and was responsible for the appointment, training, supervision, and conduct of all DOCS personnel, including the individual defendants referenced herein. In addition, at all relevant times, the State of New York was responsible for enforcing the rules of the DOCS, and for ensuring that DOCS personnel obey the laws of the United States and the State of New York.

16. At all times material herein, the DOCS employed the defendants, JOSEPH WILLIAMS, NICHOLAS BROCCO, SALVATORE MUNAFO, RONALD HAINES and GEORGE VAN VALKENBURG, who were all supervisory staff at Lincoln Correctional Facility acting in the capacity of agents, servants, and employees of the DOCS, and within the scope of their employment as such.

17. Defendant, Superintendent JOSEPH WILLIAMS ("WILLIAMS") was at all relevant times an employee of "DOCS" and the Superintendent of Lincoln Correctional Facility, and Plaintiff's supervisor at the Lincoln Correctional Facility. He was involved

4

in the harassment and retaliation of the Plaintiff as a result of Plaintiff's opposition to gender discrimination within Lincoln C.F. and complaints to other supervisors and policy makers within Lincoln C.F. regarding WILLIAMS' condoning gender discrimination and retaliation against Plaintiff.  WILLIAMS is being sued in his individual and official capacity.

18.   Defendant, Acting Deputy Superintendent of Security SALVATORE MUNAFO ("MUNAFO") was at all relevant times an employee of "DOCS" and the Acting Deputy Superintendent of Security, and formerly a Lieutenant at Lincoln Correctional Facility, and Plaintiff's supervisor at the Lincoln Correctional Facility.  He was involved in the harassment and retaliation of the Plaintiff as a result of Plaintiff's opposition to gender discrimination within Lincoln C.F. and complaints to other supervisors and policy makers within Lincoln C.F. regarding MUNAFO'S condoning gender discrimination and retaliation against Plaintiff.  MUNAFO is being sued in his individual and official capacity.

19.   Defendant Deputy Superintendent of Security NICHOLAS BROCCO ("BROCCO") Defendant, Deputy Superintendent of Security was at all relevant times an employee of "DOCS" and Plaintiff=s supervisor at the Lincoln Correctional Facility.  He was involved in the harassment and retaliation of the Plaintiff as a result of Plaintiff's opposition to gender discrimination within "DOCS" and complaints to other supervisors and policy makers within "DOCS" regarding Defendants condoning gender discrimination and

5

retaliation against Plaintiff. BROCCO is being sued in his individual and official capacity.

20. Defendant Lieutenant RONALD HAINES ("HAINES") was at all relevant times an employee of "DOCS" and Plaintiff's supervisor at the Lincoln Correctional Facility. HAINES holds the rank of Lieutenant. HAINES was involved in the harassment and retaliation of the Plaintiff as a result of Plaintiff's complaints to EEOC and New York State Division of Human Rights ("NYSDHR"), other supervisors and policy makers within "DOCS" regarding gender discrimination and retaliatory conduct on the parts of the individual defendants. HAINES is being sued in his individual and official capacity.

21. Defendant Lieutenant GEORGE VAN VALKENBURG ("VAN VALKENBURG") was at all relevant times an employee of "DOCS" and Plaintiff's supervisor at the Lincoln Correctional Facility. VAN VALKENBURG holds the rank of Lieutenant. VAN VALKENBURG was involved in the harassment and retaliation of the Plaintiff as a result of Plaintiff's complaints to EEOC and New York State Division of Human Rights ("NYSDHR"), other supervisors and policy makers within "DOCS" regarding gender discrimination and retaliatory conduct on the parts of the individual defendants. VANK VALKENBURG is being sued in his individual and official capacity.

22. Defendant Lieutenant ROBERT MURRAY ("MURRAY") was at all relevant times an employee of "DOCS" and Plaintiff's supervisor at the Lincoln Correctional Facility. MURRAY holds the rank of Lieutenant. MURRAY was involved in the harassment

**6**

and retaliation of the Plaintiff as a result of Plaintiff's complaints to EEOC and New York State Division of Human Rights ("NYSDHR"), other supervisors and policy makers within "DOCS" regarding gender discrimination and retaliatory conduct on the parts of the individual defendants.   MURRAY is being sued in his individual and official capacity.

23.   At all times alleged herein and in their actions described herein, the defendants were acting under color of law and under color of their authority as supervisors and policy makers at Lincoln Correctional Facility and the State of New York.

## FACTS

24.   Plaintiff began her employment with "DOCS" on May 19, 1986 as a correction officer at Bedford Hills Correctional Facility.   In 1992, Plaintiff transferred to Lincoln Correctional Facility in New York City, New York.

25.   While at Lincoln Correctional Facility, Plaintiff was and continued to be the Relief Officer for the Release Process Booth and Officer in Charge post.

26.   On or about August of 2004, Defendants ordered that the area near the Release Process Booth was to be painted, including tables utilized for inmate processing.

27.   Plaintiff complained to her supervisors, including MUNAFO, that the fumes from the painting were creating a health risk to her and she wanted the painting to cease.

7

28.  Defendants refused to cease the painting, therefore Plaintiff filed a Complaint with the Occupation Safety and Health Administration ("OSHA") in reference to the painting and Defendants' failure to post a warning regarding fumes and possible health risks.

29.  After Defendants received knowledge that Plaintiff had complained to OSHA, MUNAFO told Plaintiff that she should not have gone to OSHA to complain because she was going to get everyone in trouble.  Plaintiff responded to MUNAFO "if you won't help me, I will have to help myself."

30.  As a result of calling OSHA, Defendants ordered the painting to stop during Plaintiff's working hours.

31.  On or about February 2006, Plaintiff advised her Union, NYSCOPBA, who then filed a complaint with Lincoln Correctional Facility, that the Defendants, HAINES, MUNAFO, VAN VALKENBURG and other supervisors were living in the basement with the approval of BROCCO in violation of Directive 4005.

32.  Prior to May 3, 2006, the position of Release Process Booth was a non-gender specific position (not a male only position) requiring, among other duties, the taking of urine samples and performing strip frisks of inmates coming and going to work or on home furloughs.

33.  The position of Release Process Booth has always had at least one female officer assigned and as many as three female officers assigned.

34.  Plaintiff has always been able to perform all of the duties required for the Release Process Booth position and

8

continues to do so to this day. Whenever a urine test or strip frisk was required of a male inmate, Plaintiff was able to use an available male staff member to complete said tasks, which are a small part of the position's duties.

35. "DOCS" has and continues to follow a policy and practice of allowing the female officers who work the Release Process Booth bid to utilize available male personnel, some of whom are not part of the Release Process Booth bid position as necessary to complete the taking of urine samples and/or search frisks of male inmates.

36. On May 3, 2006 Lincoln Correctional Facility posted a job for assignment Release Process Booth/O.I.C. Post No. 0032; Tour II; Squad 8 requiring for bid by male officers only.

37. Prior to May 3, 2006, the Lincoln Correctional Facility had never received any complaints by any inmates or officers regarding the duties of the Release Process Booth Officer in reference to urine testing and frisk searches.

38. The position of Release Process Booth/O.I.C. has always been configured for male and female officers to perform most duties with the caveat that other males could be supervised by females to insure that urine tests and strip searching is completed, and vice versa.

39. The females that work the Release Process Booth/O.I.C. perform all the duties that are required without any difficulties and/or lack of capability.

40. Defendants' decision to demand that only male officers apply for the Release Process Booth/O.I.C. bid position is

9

inconsistent with the actual work being done by female correction officers at that same bid position.

41. Despite the fact that the posting specifically stated that only male correction officers were to apply, Plaintiff submitted her bid since she was performing the job and duties of the Release Process Booth/Officer in charge position for many years without a problem or difficulty in performing her duties, Plaintiff was the most qualified and therefore submitted a Bid Form pursuant to Article 24, Seniority, Section 3 of the agreement between the State of New York and the Security Unit employees, NYSCOPBA.

42. Despite Plaintiff being the most qualified officer based on seniority and experience as a Release Process Booth/O.I.C. Officer, Plaintiff's bid was denied and was returned with an "Unsuccessful" marking. The Bid Form also contained handwriting from Sgt. Wilson as "*Not allowed".

43. On or about July 3, 2006, Plaintiff filed a complaint of sex/gender discrimination with the New York State Division of Human Rights and simultaneously with the EEOC.

44. On or about April 2007, Plaintiff complained to Defendants and her Union regarding gender discrimination and the male only post position.

45. On or about May 29, 2007, Plaintiff received a Notice of Discipline as a result of a complaint filed by HAINES whereby he alleged that Plaintiff had left her post without authorization and was found by HAINES in the Release Processing Booth area wherein he claims she had not business.    HAINES also accused

**10**

Plaintiff of being insubordinate for not leaving the Release Processing Booth area in a timely manner. Said improper conduct on behalf of HAINES was in retaliation of Plaintiff's discrimination and whistle blowing complaints.

46. On or about May 31, 2007, Plaintiff filed a grievance through her Union in regards to the Notice of. Discipline dated May 29, 2007. Said grievance has yet to be resolved.

47. On May 31, 2007, VAN VALKENBURG issued a formal counseling letter to Plaintiff as a result of an entry Plaintiff made in the logbook in retaliation for Plaintiff's prior discrimination and whistle blowing complaints.

48. On July 12, 2007, BROCCO informed Plaintiff that he would not remove the counseling letter issued by VAN VALKENBURG and that said letter would remain in her personnel folder.

49. On or about August 18, 2007, HAINES issued a formal counseling memo to Plaintiff for allegedly allowing an inmate to pass outside the Lincoln Correctional Facility without proper authorization despite the fact that the responsibility permitting the inmate to leave the Facility was that of Officer Haqq. Said counseling memo was issued improperly in order to retaliate and harass Plaintiff due to her prior discriminatory and whistle blowing complaints.

50. On or about September 24, 2007, Plaintiff's immediate supervisor, Sgt. Robert Wilson, gave Plaintiff an "Excellent Performance Rating" which denotes that "The employee always meets and frequently exceeds performance expectations for all tasks. The employee is performing better than expected for many of the

11

tasks and is recognized as a particular asset to the work unit" for 5/19/06 to 5/19/07 time period.

51. Despite plaintiff's immediate supervisor's evaluation on September 26, 2007, Defendant MURRAY stated in the same evaluation that Plaintiff "appears to be more intent in creating disharmony in her workplace". Said comment by MURRAY in the evaluation occurred after Plaintiff's discrimination and whistle blowing complaints were filed.

52. On or about November 2007, Defendants posted a bid position for the Release Process Booth/O.I.C. Plaintiff and another officer submitted a bid form for the post.

53. On or about January 2008, despite Plaintiff being the most qualified and having at least six more years of seniority than the other officer that applied for the same position, Plaintiff was denied the bid post in violation of the Collective Bargaining Agreement and Federal and State law because she was a female.

54. Since no one was qualified for the Release Process Booth/O.I.C. bid position other than the Plaintiff, Defendants continued to post the position on the bulletin board so that they can offer it to a qualified officer other than the Plaintiff simply because she is a female and due to her prior discrimination and whistle blowing complaints.

55. These retaliatory incidents and the condoning of said actions by the Defendants clearly give rise to a claim of Retaliation and Hostile Working Environment.

56. Since the making and filing of the complaints with

Defendants, Defendants have continuously denied the bid position of Release Process Booth/O.I.C. to the Plaintiff despite the fact that she has been the more senior and experienced applicant and possesses an unblemished record.

57. Said denial by the Defendants was done in retaliation for Plaintiff's filing of claim with New York State Division of Human Rights, EEOC and internally with the Department of Correctional Services through her Union.

58. Defendants have a policy and practice of allowing and condoning discriminatory, retaliatory and a hostile working environment to the detriment of the Plaintiff.

59. As a result of Plaintiff's complaints to the Defendants, in regards to the gender discrimination and comments along with the resulting retaliation and hostile work environment, Plaintiff has been humiliated and economically and emotionally damaged.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT AS AMENDED AGAINST THE DEFENDANT, NEW YORK STATE AND DEPARTMENT OF CORRECTIONAL SERVICES

60. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" with the same force and effect as if fully set forth herein.

61. Based upon the foregoing, the Plaintiff was purposefully and intentionally treated differently and unequally from male employees by virtue of her sex and gender, and in retaliation, all to her detriment.

13

62. Defendant DOCS intentionally and willfully discriminated against the Plaintiff in her employment on account of her sex and gender in violation of Title VII of the Civil Rights Act of 1964 as amended, and in retaliation for complaints made by her with respect to her employment.

63. The discrimination directed toward the Plaintiff as described herein, without cause or justification, constitutes gender discrimination.

64. The aforementioned discriminatory conduct was caused by the wrongful, careless, reckless and intentional acts of Defendants.

65. No significant action was taken by DOCS to remedy these discriminatory acts, despite Plaintiff's repeated requests.

66. As a result of the Defendant's conduct, Plaintiff has suffered economic loss, pain, humiliation, extreme emotional distress and continues to suffer to this day. Further, as a result of the Defendant's conduct, Plaintiff has suffered both professionally and personally.

67. As a result of the foregoing, the Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO TITLE VII FOR A HOSTILE WORK ENVIRONMENT AGAINST DEFENDANT DOCS AND THE STATE OF NEW YORK

68. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" with the same force and effect as if fully set forth herein.

14

69. Based on the above, the Defendants intentionally and willfully discriminated against the Plaintiff in her employment on the account of her sex and gender, and in retaliation by creating a hostile work environment in violation of the New York State Constitution, the Constitution of the United States, applicable statutes, and the New York State Executive Law §296.

70. The Defendants knew or should have known that their Defendant employees had a propensity to act in a harassing and discriminatory manner, inasmuch as a previous complaint had been registered by other officers about Defendants' inappropriate behavior.

71. The Defendants' discrimination, harassment, and retaliation, was severe and pervasive so as to alter the conditions of the Plaintiff's employment.

72. As a result, the Defendants' actions created an abusive working environment in that the Plaintiff was verbally harassed and retaliated against in the presence of supervisors and fellow employees.

73. The Defendants' conduct caused irreparable professional harm, humiliation and damage to the professional standing of Plaintiff.

74. As a result of these negligent, wrongful, careless, reckless and intentional acts of the Defendants, Plaintiff suffered severe and extreme emotional distress and conscious pain and suffering and economic damages.

75. That as a result of the Defendants' conduct, the

Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. §1983 AGAINST INDIVIDUAL DEFENDANTS

76.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "75" with the same force and effect as if fully set forth herein.

77.   Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the Plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, Freedom of Speech pursuant to the First and Fifth Amendments of the Constitution and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

78.   Plaintiff has been deprived of her Constitutional Rights to be free of discrimination based upon her gender and sex, and opposition to discrimination and workplace violations and has been damaged and suffered emotional distress, economic damages and conscious pain and suffering as a result of these actions.

79.   The actions of Defendants, in depriving Plaintiff of her constitutional and civil rights, as hereinbefore stated, were willful and malicious acts.

80.   In addition to Plaintiff, Defendants have similarly

violated the rights of other female officers, all as part of a deliberate policy and practice and a deliberate course of conduct.

81. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

82. Based on the foregoing, Plaintiff is entitled to punitive and exemplary damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR AN INJUNCTION

83. Paragraphs "1" through "82" are hereby incorporated by reference as though fully set forth here.

84. Defendants have embarked on a course of conduct that deprives the Plaintiff and other female Correction Officers of their rights under the United States Constitution, federal and state laws, in violation of 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, and New York State Human Rights & Executive Law.

85. The facts and circumstances cited above with reference to the Constitutional and other civil rights violations suffered by Plaintiff and other female Correction Officers is an example of Defendants' conduct violative of Plaintiff's civil rights.

86. The actions of Defendants, acting under color of state and local law, custom and usage, have deprived and will deprive Plaintiff and other female officers in the future, of their rights, privileges and immunities under the laws and Constitution

**17**

of the United States, and in particular, of their right to be free of employment practices that are based solely upon gender and sex.

87. Defendants' acts and omissions deprived the Plaintiff of her Federal Constitutional protection and have caused and will cause the Plaintiff to suffer damages in violation of 42 U.S.C. §1983 and Title VII.

88. By virtue thereof Plaintiff is entitled to a permanent injunction with the DOCS and Lincoln Correctional Facility, together with compensatory and punitive damages, and prohibiting the Defendants from continuing to violate other officer's civil rights as hereinbefore stated.

### AS AND FOR A FIFTH CAUSE OF ACTION BASED ON NEW YORK STATE EXECUTIVE LAW §296 NEW YORK STATE CONSTITUTION AND HUMAN RIGHTS LAW AGAINST ALL DEFENDANTS

89. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "88" with the same force and effect as if fully set forth herein.

90. Based on the foregoing, the Defendants intentionally and willfully discriminated against the Plaintiff in her employment on account of her sex, gender, in retaliation for her opposition to discriminatory practices, and by creating as a hostile work environment, all in violation of New York State Executive Law §296, the New York State Human Rights Law and the New York State Constitution.

91. As a result of the Defendants' actions and of the deprivations of her rights as guaranteed under New York State

18

Executive Law §296, the Plaintiff has suffered economic loss, pain, humiliation and extreme emotional distress.

92.    Plaintiff has been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions and of these deprivations of Constitutional and Civil Rights, as guaranteed under Article I, Section II of the New York State Constitution and under New York State Human Rights Law and Executive Law §296, which constitute unlawful discrimination against the Plaintiff.

93.    As a result of the negligent, wrongful, careless, reckless and intentional acts of the Defendants, the Plaintiff is seeking compensatory and punitive damages in the amount of TWO MILLION ($2,000,000.00) DOLLARS.


### AS AND FOR A SIXTH CAUSE OF ACTION BASED UPON
### BREACH OF CONTRACT AGAINST DEFENDANTS


94.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "93" with the same force and effect as if fully set forth herein.

95.    Defendant DOCS is governed by a Collective Bargaining Agreement entered into with the Corrections Officers Union, NYSCOPBA with respect to their conduct, oversight and administration of the correction officers at Lincoln Correctional Facility.

96.    The Defendants intentionally and willfully violated

**19**

the anti-discrimination policies of the Collective Bargaining Agreement in discriminating against the Plaintiff in her employment on the account of her sex and gender and in retaliation, and by operating a hostile work environment, and improperly denying her the bid position of Release Process Booth/Officer in Charge.

97.   That the Defendants' actions created an abusive working environment in violation of the Collective Bargaining Agreement, including but not limited to, verbal harassment of the Plaintiff in the presence of supervisors and fellow employees.

98.   That the Defendants' conduct caused irreparable professional harm and damage to the professional standing of Plaintiff.

99.   As a result of these wrongful and intentional acts and violations of the Collective Bargaining Agreement, Plaintiff suffered severe and extreme emotional distress and conscious pain and suffering.

100. That as a result of the Defendants' conduct, the Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS.   Further, Plaintiff seeks punitive damages against the individual defendants in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION BASED UPON NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION OF THE INDIVIDUAL DEFENDANTS AGAINST DOCS AND THE STATE OF NEW YORK

101. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "100" with the same force and effect as if fully set forth herein.

102. Based on the foregoing, Defendants, DOCS and the State of New York, were negligent in the hiring, training, supervision and retention of the individual Defendants, by failing to respond to Plaintiff's complaint, in failing to remedy conditions of employment and discriminatory acts by the individual Defendants after due notice thereof.

103. Following Plaintiff's complaints, and her written NYSDHR and EEOC charge and due notice of the individual Defendants, discriminatory behaviors, Defendants DOCS and New York State negligently trained, supervised and retained the individual defendants, thus permitting further retaliatory and discriminatory conduct against Plaintiff.

104. That the Defendants' conduct caused irreparable professional harm and damage to the professional standing of Plaintiff.

105. As a result of these wrongful, negligent and intentional acts and violations of the Collective Bargaining Agreement, Plaintiff suffered severe and extreme emotional distress and conscious pain and suffering.

106. That as a result of the Defendants' conduct, the

**21**

Plaintiff has been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

## JURY TRIAL

The Plaintiff, WHITE, requests a jury trial on all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Honorable Court grant the following relief:

A.   For the First Cause of Action against DOCS and the State of New York in the amount of Two Million ($2,000,000.00) Dollars;

B.   For the Second Cause of Action against DOCS and the State of New York in the amount of Two Million ($2,000,000.00) Dollars;

C.   For the Third Cause of Action against individual Defendants in the amount of Two Million ($2,000,000.00) Dollars and Punitive damages in the amount of Two Million ($2,000,000.00) Dollars;

D.   For the Fourth Cause of Action granting Plaintiff a permanent injunctive relief;

E.   For the Fifth Cause of Action against Defendants in the amount of Two Million ($2,000,000.00) Dollars and Punitive damages in the amount of Two Million ($2,000,000.00) Dollars;

22

F.   For the Sixth Cause of Action against Defendants in the amount of Two Million ($2,000,000.00) Dollars and Punitive damages in the amount of Two Million ($2,000,000.00) Dollars;

G.   For the Seventh Cause of Action against DOCS and the State of New York in the amount of Two Million ($2,000,000.00) Dollars; and

H.   In all causes of action, reasonable attorneys fees, pre judgment interest, costs of this action and for such other relief as this Court may deem just and proper.

Dated:   Lake Success, New York
         January 29, 2008

CRONIN & BYCZEK, LLP

*[signature]*

Rocco G. Avallone (RA8055)
1983 Marcus Avenue, Suite C-120
Lake Success, New York 11042
(516) 358-1700

**EXHIBIT A**

Jan-10-08    01:03pm    From-                                    T-802   P.002/002   F-738

*3 notes*

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jacquelyn A. White | From: | New York District Office |
| | 2155 Madison Avenue, Apt 10-G | | 33 Whitehall Street |
| | New York, NY 10037 | | 5th Floor |
| | | | New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
| | Holly M. Woodyard, | |
| 16G-2006-03651 | Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

| | | |
| Enclosures(s) | Spencer H. Lewis, Jr., | 10/29/07 |
| | **Director** | (Date Mailed) |

cc:  NEW YORK STATE, DEPT OF CORRECTIONAL SERVICES
511 Edgecombe Avenue
New York, NY 10032
Attn: Human Resource Director

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELYN WHITE,

                                                    Plaintiff,

                    - against -

DEPARTMENT OF CORRECTIONAL SERVICES (''DOCS''), NEW YORK STATE,
SUPERINTENDENT JOSEPH WILLIAMS, et al.,

                                                    Defendants.


SUMMONS and COMPLAINT



**Cronin & Byczek, LLP**
**1983 Marcus Avenue – Suite C120**
**Lake Success, New York 11042**
**(516) 358-1700**


*To:*

*Attorney(s) for*

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*

........................................................

                        *Attorney(s) for*


**PLEASE TAKE NOTICE**

☐          *that the within is a (certified) true copy of a*
**NOTICE OF**   *entered in the office of the clerk of the within named Court on*                    *20*
**ENTRY**

☐          *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
                                        *one of the judges of the within named Court,*
**NOTICE OF**
**SETTLEMENT** *at*
          *on*                        *20*      *, at*            *M.*

*Dated:*

                              **Cronin & Byczek, LLP**
                              **1983 Marcus Avenue – Suite C120**
                              **Lake Success, New York 11042**
                              **(516) 358-1700**


*To:*

*Attorney(s) for*

# EXHIBIT B

ECF

# U.S. District Court
# United States District Court for the Southern District of New York
# (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:08-cv-00993-JGK

White v. Department of Correctional Services et al

Assigned to: Judge John G. Koeltl

Cause: 42:1983 Civil Rights Act

Date Filed: 01/30/2008
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

## Plaintiff

**Jacquelyn White**                    represented by **Rocco G Avallone**
Cronin & Byczek, LLP
1983 Marcus Avenue Suite C-120
Lake Success, NY 11042
(516)-358-1700
Fax: (516)-358-1730
Email: ravallone@cblawyers.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Department of Correctional Services**
*DOCS*

## Defendant

**New York State**

**Defendant**

**Superintendent Joseph Williams**

**Defendant**

**Nicholas Brocco**
*Deputy Superintendent of Security, retired, sued in their individual and professional capacity*

**Defendant**

**Salvatore Munafo**
*Acting Deputy Superintendent of Security, sued in their individual and professional capacity*

**Defendant**

**Ronald J. Haines**
*Lt., sued in their individual and professional capacity*

**Defendant**

**George Van Valkenburg**
*Lt., sued in their individual and professional capacity*

**Defendant**

**Robert Murray**
*Lt., sued in their individual and professional capacity*

| Date Filed | # | Docket Text |
|------------|---|-------------|

| 01/30/2008 | 1 | COMPLAINT against Department of Correctional Services, New York State, Joseph Williams, Nicholas Brocco, Salvatore Munafo, Ronald J. Haines, George Van Valkenburg, Robert Murray. (Filing Fee $ 350.00, Receipt Number 640070)Document filed by Jacquelyn White.(jpo) (jeh). (Entered: 02/01/2008) |
| --- | --- | --- |
| 01/30/2008 | | SUMMONS ISSUED as to Department of Correctional Services, New York State, Joseph Williams, Nicholas Brocco, Salvatore Munafo, Ronald J. Haines, George Van Valkenburg, Robert Murray. (jpo) (Entered: 02/01/2008) |
| 01/30/2008 | | Magistrate Judge Debra C. Freeman is so designated. (jpo) (Entered: 02/01/2008) |
| 01/30/2008 | | Case Designated ECF. (jpo) (Entered: 02/01/2008) |
| 03/11/2008 | 9 | SUMMONS RETURNED EXECUTED Summons and Complaint, served. Document filed by Jacquelyn White. (jmi) (Entered: 03/18/2008) |
| 03/14/2008 | 2 | AFFIDAVIT OF SERVICE of Summons and Complaint,. Department of Correctional Services served on 3/6/2008, answer due 3/26/2008. Service was accepted by Tom Goetz - Authorized to Accept. Document filed by Jacquelyn White. (Avallone, Rocco) (Entered: 03/14/2008) |
| 03/14/2008 | 3 | AFFIDAVIT OF SERVICE of Summons and Complaint,. New York State served on 3/3/2008, answer due 3/23/2008. Service was accepted by person of suitable age. Document filed by Jacquelyn White. (Avallone, Rocco) (Entered: 03/14/2008) |
| 03/14/2008 | 4 | AFFIDAVIT OF SERVICE of Summons and Complaint,. Joseph Williams served on 3/5/2008, answer due 3/25/2008. Service was accepted by JOSEPH WILLIAMS. Document filed by Jacquelyn White. (Avallone, Rocco) (Entered: 03/14/2008) |
| 03/14/2008 | 5 | AFFIDAVIT OF SERVICE of Summons and Complaint,. Salvatore Munafo served on 3/5/2008, answer due 3/25/2008. Service was accepted by person of suitable age, |

| | | superintendent. Document filed by Jacquelyn White. (Avallone, Rocco) (Entered: 03/14/2008) |
|---|---|---|
| 03/14/2008 | 6 | AFFIDAVIT OF SERVICE of Summons and Complaint,. Ronald J. Haines served on 3/5/2008, answer due 3/25/2008. Service was accepted by person of suitable age, superintendent. Document filed by Jacquelyn White. (Avallone, Rocco) (Entered: 03/14/2008) |
| 03/14/2008 | 7 | AFFIDAVIT OF SERVICE of Summons and Complaint,. Robert Murray served on 3/5/2008, answer due 3/25/2008. Service was accepted by ROBERT MURRAY. Document filed by Jacquelyn White. (Avallone, Rocco) (Entered: 03/14/2008) |
| 03/14/2008 | 8 | AFFIDAVIT OF SERVICE of Summons and Complaint,. George Van Valkenburg served on 3/5/2008, answer due 3/25/2008. Service was accepted by GEORGE VAN VALKENBURG. Document filed by Jacquelyn White. (Avallone, Rocco) (Entered: 03/14/2008) |
| 03/31/2008 | 10 | ENDORSED LETTER addressed to Judge John G Koeltl from Susan H. Odessky dated 3/27/08 re: Request to extend time until 5/30/08 for all of the defendants to respond to the complaint. ENDORSEMENT: Application granted. Department of Correctional Services answer due 5/30/2008; New York State answer due 5/30/2008; Joseph Williams answer due 5/30/2008; Nicholas Brocco answer due 5/30/2008; Salvatore Munafo answer due 5/30/2008; Ronald J. Haines answer due 5/30/2008; George Van Valkenburg answer due 5/30/2008; Robert Murray answer due 5/30/2008. (Signed by Judge John G. Koeltl on 3/28/08) (cd) (Entered: 03/31/2008) |
| 05/28/2008 | 11 | AFFIDAVIT OF SERVICE of Summons and Complaint,. Nicholas Brocco served on 5/28/2008, answer due 6/17/2008. Service was accepted by Lenny A. Mancini, Authorized to Accept. Document filed by Jacquelyn White. (Avallone, Rocco) (Entered: 05/28/2008) |
| 05/29/2008 | 12 | ENDORSED LETTER addressed to Judge John G. Koeltl from Julinda Dawkins dated 5/28/08 re: Counsel for |

| | | defendant requests a thirty day enlargement of time to respond to the complaint from May 30, 2008 to June 30, 2008, Counsel also requests an adjournment of the Initial Pretril Conference currently scheduled for June 9, 2008 at 4:30 p.m. to a date that is convenient to the Court. ENDORSEMENT: Application GRANTED. So Ordered. (Signed by Judge John G. Koeltl on 5/28/08) (js) (Entered: 05/29/2008) |

# PACER Service Center

## Transaction Receipt

06/30/2008 11:09:02

| **PACER Login:** | ny0010 | **Client Code:** | Optional for PACER use only |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-00993-JGK |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# EXHIBIT C

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

JACQUELYN A. WHITE

                Complainant

        v.

NEW YORK STATE, DEPARTMENT OF
CORRECTIONAL SERVICES

                Respondent

VERIFIED COMPLAINT
Pursuant to Executive
Law, Article 15

Case No.
**10112526**

Federal Charge No. 16GA603651

I, Jacquelyn A. White, residing at 2155 Madison Avenue, Apt
10-G, New York, NY, 10037, charge the above named respondent,
whose address is Charlie R. Harvey, Director, Office of
Diversity Mgmt.
The Harriman State Campus
1220 Washington Avenue, Bldg. 2, Albany, NY, 12226-2050 with an
unlawful discriminatory practice relating to employment in
violation of Article 15 of the Executive Law of the State of New
York (Human Rights Law) because of sex.

Date most recent or continuing discrimination took place is
6/3/2006.

The particulars are:

1.   I am Female. Because of this, I have been subject to
unlawful discriminatory actions.

2.   On May 19, 1986, I began working for the respondent as a
Correctional Officer at Bedford Hills Correctional Facility.  In
or about 1992, I was transferred to Lincoln Correctional
Facility, 31 West 110th Street, New York, NY. I am the Relief
Officer for the Release Process Booth/Officer-in-Charge.  I
believe that my job performance, time and attendance are
satisfactory.

3.   On May 3, 2006, a posting for Release Process
Booth/Officer in Charge, Tour II, Squad 8 was posted for a "male
Correction Officer only".   I applied for it anyway. On June
3, 2006, Sergeant Wilson wrote on my bid, "Unsuccessful."
Correctional Officer Willie Holland, Male, was given this
position.

Complaint
SDHR Case No. 10112526
Jacquelyn A. White v. New York State, Department Of Correctional Services

Based on the foregoing, I charge respondent with an unlawful
discriminatory practice relating to employment because of sex,
in violation of the New York State Human Rights Law (Executive
Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title
VII of the Civil Rights Act of 1964, as amended (covers race,
color, creed, national origin, sex relating to emplo+yment).  I
hereby authorize SDHR to accept this verified complaint on
behalf of the U.S. Equal Employment Opportunity Commission
(EEOC) subject to the statutory limitations contained in the
aforementioned law(s).

I have not commenced any other civil action, nor do I have an
action pending before any administrative agency, under any state
or local law, based upon this same unlawful discriminatory
practice.

Jacquelyn A. White

STATE OF NEW YORK )
COUNTY OF New York )   ss:

Jacquelyn A. White, being duly sworn, deposes and says: that
he/she is the complainant herein; that he/she has read (or had
read to him or her) the foregoing complaint and knows the
content thereof; that the same is true of his/her own knowledge
except as to the matters therein stated on information and
belief; and that as to those matters, he/she believes the same
to be true.

Jacquelyn A. White

Subscribed and sworn to
before me this 3rd day
of July , 2006

Signature of Notary Public

Alton I. Wolff
Notary Public, State of New York
No. 01WO6122747
Qualified In New York Cou...
Commission Ex... Febru... ry ...  09

Page 2 of 3

```
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION        PERSON FILING CHARGE:
New York District Office                          Jacquelyn A. White
33 Whitehall Street, 5th Floor                 THIS PERSON (Check one):
New York, New York 10004-2112                     Claims to be aggrieved [x]
                                                  Files on behalf of other(s)[ ]
TO:                                            DATE OF ALLEGED VIOLATION:
New York State, Department of Correctional        6/29/2006
Services                                       PLACE OF ALLEGED VIOLATION:
Charlie R. Harvey, Director, Office of            New York County
Diversity Mgmt.                                EEOC CHARGE NUMBER:
The Harriman State Campus                         16GA603651
1220 Washington Avenue, Bldg. 2                FEPA CHARGE NUMBER:
Albany, NY 12226-2050                             10112526
```

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

    [X]  Title VII of the Civil Rights Act of 1964
    [ ]  The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ]  The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to
the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon expiration of any deferral requirements if this I a
Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an
investigation and await the issuance of the FEP Agency's final findings and orders.  These
final findings and orders will be given weight by EEOC in making its own determination as
to whether or not reasonable cause exists to believe that the allegations made in the
charge are true.

You are therefore encouraged to cooperate fully with the FEP Agency.  All facts and
evidence provided by you to the Agency in the course of its proceedings will be considered
by the Commission when it reviews the Agency's final findings and orders.  In many
instances the Commission will take no further action, thereby avoiding the necessity of an
investigation by both the FEP Agency and the Commission.  This likelihood is increased by
your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final decision and order of
the above named FEP Agency.  For such a request to be honored, you must notify the
Commission in writing within 15 days of your receipt of the Agency's issuing a final
finding and order.  If the Agency terminates its proceedings without issuing a final
finding and order, you will be contacted further by the Commission.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]  An Equal Pay Act investigation (29 U.S.C. §206(d)) will be conducted by the
     Commission concurrently with the FEP Agency's investigation of the charge.

[X]  Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION:  Sex

CIRCUMSTANCES OF ALLEGED VIOLATION:
    SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT

DATE: July 3, 2006

                    TYPED NAME OF AUTHORIZED EEOC OFFICIAL:
                    Spencer H. Lewis, Jr.



**STATE OF NEW YORK**
**EXECUTIVE DEPARTMENT**
# DIVISION OF HUMAN RIGHTS
**ADAM CLAYTON POWELL STATE OFFICE BUILDING**
**163 WEST 125TH STREET, ROOM 415**
**NEW YORK, NEW YORK 10027**

**(212) 961-8650**
**Fax: (212) 961-4425**
**www.nysdhr.com**

GEORGE E. PATAKI
GOVERNOR

MICHELLE CHENEY DONALDSON
COMMISSIONER

# INFORMATION FOR RESPONDENTS
## CONCERNING COMPLAINT PROCEDURES OF NYS DIVISION OF HUMAN RIGHTS

The New York State Division of Human Rights is a State agency mandated to receive, investigate and resolve complaints of discrimination under Executive Law, Article 15 ("The Human Rights Law"). The Division's role is to fairly and thoroughly investigate the allegations in light of all evidence gathered.

### WHAT TYPES OF COMPLAINTS ARE HANDLED BY THE DIVISION OF HUMAN RIGHTS?

The Human Rights Law forbids discrimination in employment, apprenticeship and training, purchase and rental of housing and commercial space, places of public accommodation, certain educational institutions, and credit transactions. If a person feels that he or she has been discriminated against by of reason of race, color, creed, sex, age (not public accommodation), disability, national origin, marital status, familial status (housing only), conviction or arrest record (employment only), genetic predisposition (employment only), military status, or sexual orientation, or because he or she has opposed any practices forbidden under the Human Rights Law, that person may file a complaint with the State Division of Human Rights.

### HOW DOES A PERSON FILE A COMPLAINT?

Persons wishing to file a complaint of discrimination may contact the nearest regional office of the Division of Human Rights. The Human Rights Law requires that they must file such a complaint within one year of the alleged unlawful discriminatory act.

### WHAT IS THE INVESTIGATIVE PROCEDURE?

The Division represents neither the Complainant nor the Respondent. The Division pursues the State's interest in the proper resolution of the matter in accordance with the Human Rights Law. Complainant and Respondent can retain private counsel to represent them during the investigation, but such representation is not required.

Upon receipt of a complaint, the regional office will:

- Notify the Respondent(s). (A Respondent is a person or entity about whose action the Complainant complains. An employer must have four or more employees for the Human Rights Law to apply.)
- Resolve issues of questionable jurisdiction.
- Forward a copy of the complaint to the U.S. Equal Employment Opportunity Commission (EEOC) or the U.S. Department of Housing and Urban Development (HUD), where applicable. Such federal filing creates a complaint separate and apart from the complaint filed with the Division, although in most cases only one investigation is conducted pursuant to work-sharing agreements with these federal agencies.
- Investigate the complaint through appropriate methods (written inquiry, field investigation, witness interviews, requests for documents, investigatory conference, etc.), in the discretion of the Regional Director. The investigation of the complaint is to be objective.

INFORMATION FOR RESPONDENTS

CONCERNING COMPLAINT PROCEDURES OF THE NYS DIVISION OF HUMAN RIGHTS

Page 2

- Attempt to settle the matter by reaching agreement on terms acceptable to the Complainant, Respondent and the Division. The Division will attempt to settle the matter from the time of filing until the matter reaches a final resolution.
- Determine whether or not there is probable cause to believe that an act of discrimination has occurred, if the matter cannot be settled prior to that Determination. The Division will notify the Complainant and Respondent in writing of the Determination.

## WHAT IS THE PROCEDURE FOLLOWING THE INVESTIGATION?

If there is a Determination of no probable cause, lack of jurisdiction, or any other type of dismissal of the case, the Complainant may appeal to the State Supreme Court within 60 days.

If the Determination is one of probable cause, there is no appeal to court. The case then proceeds to public hearing before an Administrative Law Judge. Under Rule 465.20 (9 N.Y.C.R.R. §465.20), the Respondent may ask the Commissioner of Human Rights within 60 days of the finding of probable cause to review the finding of probable cause. Such application should be sent to the General Counsel of the Division and to the Complainant, and Complainant's attorney, if any.

## WHAT IS A PUBLIC HEARING?

A public hearing, pursuant to the Human Rights Law, is a trial-like proceeding at which relevant evidence is place in the hearing record. It is a hearing de novo, which means that the Commissioner's final decision on the case is based solely on the content of the hearing record. The public hearing is presided over by an Administrative Law Judge, and a verbatim transcript is made of the proceedings.

The hearing may last one or more days, not always consecutive. Parties are notified of all hearing sessions in advance, and the case may be adjourned to a later date only for good cause.

Respondent can retain private counsel for the hearing, and, if Respondent is a corporation, is required to be represented by legal counsel. The Complainant can retain private counsel for the hearing, but is not required to do so. If Complainant is not represented by private counsel, the Division's counsel prosecutes the case in support of the complaint. Attorneys for the parties or for the Division may issue subpoenas for documents and to compel the presence of witnesses.

At the conclusion of the hearing sessions, a proposed Order is prepared by the Administrative Law Judge and is sent to the parties for comment.

A final Order is issued by the Commissioner. The Commissioner either dismisses the complaint or finds discrimination. If discrimination is found, Respondent will be ordered to cease and desist and take appropriate action, such as reinstatement, training of staff, or provision of reasonable accommodation of disability. The Division may award money damages to Complainant, including back pay and compensatory damages for mental pain and suffering, and in the case of housing discrimination, punitive damages, attorney's fees and civil fines and penalties. A Commissioner's Order may be appealed by either party to the State Supreme Court within 60 days. Orders after hearing are transferred by the lower court to the Appellate Division for review.

## WHAT IS A COMPLIANCE INVESTIGATION?

The compliance investigation unit verifies whether the Respondent has complied with the provisions of the Commissioner's Order. If the Respondent has not complied, enforcement proceedings in court may be brought by the Division.

## GENERAL INFORMATION

For a more detailed explanation of the process, see the Division's Rules of Practice (9 N.Y.C.R.R. 465) available on our website www.nysdhr.com. If you have any additional questions about the process, the investigator assigned to the case will be available to answer most questions.

EXHIBIT D

**RECEIVED**

SEP 1 8 2007

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

DIVERSITY MANAGEMENT

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

JACQUELYN A. WHITE,

Complainant,

v.

NEW YORK STATE, DEPARTMENT OF
CORRECTIONAL SERVICES,

Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10112526

---

Federal Charge No. 16GA603651

On 7/3/2006, Jacquelyn A. White filed a verified complaint
with the New York State Division of Human Rights ("Division")
charging the above-named respondent with an unlawful
discriminatory practice relating to employment because of sex in
violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review
of related information and evidence by the named parties, the
Division has determined that there is NO PROBABLE CAUSE to
believe that the respondent has engaged in or is engaging in the
unlawful discriminatory practice complained of. This
determination is based on the following:

There is insufficient evidence to support the complainant's
allegations based on sex discrimination. The respondent stated
that the position that the complainant was applying for as a
permanent position is a male-only because of strip searching and
urine testing of the inmates who are male. The investigation
revealed however that the complainant, a female, along with
other female Correction Officers, was acting as a relief person
for this position. The investigation found that a female was
asked if she would bid for the position in question but she
turned it down before he respondent re-configured the position
to a male-only position. The investigation revealed that the
respondent's own job duties as written does not actually mandate
only males to perform the duties in this position; rather it
states that the Release Processing/Booth post "…Will be
responsible to take and/or ensure urines are taken". The

investigation suggested that while a male is necessary for strip
searching and urine testing, the respondent has been able to use
available male personnel, some of whom are not part of the
position at issue, as necessary to complete those tasks which
are only part of the position's duties. The balance of the
duties do not even suggest that a male has to do them. Those
duties include: accounting for all equipment, keys, and
informational signs; receiving briefing from previous tour;
receive and issue inmate identification cards; check rosters for
restricted or hold inmates; log inmate in or out of facility;
issue checks; sign or initial all entries in processing; receive
inmate funds; give inmate copy of receipt and drop funds and
original in safe; process drafts; perform check of facility
assigned count throughout tour and prior to relief; follow the
directions of competent authority.

The fact that the position had been configured for male and
females to perform most duties and with the caveat that other
males could be supervised by females to insure that urines and
strip searching is completed, as already the case, as the
complainant and other females currently work in this position
regularly, do what is required, makes the respondent's
reconfiguration of the position to male-only suspect and not
consistent with the actual work being done by female
Correctional Officers. Nevertheless, the complainant did not
have as much seniority as Officer Holland, a male, who was
placed into the position and there would not be a problem with
him taking the male inmates urines and strip searching the male
inmates that the complainant may have had in that position.

The complaint is therefore ordered dismissed and the file
is closed.

PLEASE TAKE NOTICE that any party to this proceeding may
appeal this Determination to the New York State Supreme Court in
the County wherein the alleged unlawful discriminatory practice
took place by filing directly with such court a Notice of
Petition and Petition within sixty (60) days after service of
this Determination. A copy of this Notice and Petition must
also be served on all parties including General Counsel, State
Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx,
New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION
WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil
Rights Act of 1964. Enforcement of the aforementioned law(s) is
the responsibility of the U.S. Equal Employment Opportunity

Commission (EEOC). You have the right to request a review by
EEOC of this action. To secure review, you must request it in
writing, within 15 days of your receipt of this letter, by
writing to EEOC, New York District Office, 33 Whitehall Street,
5th Floor, New York, New York 10004-2112. Otherwise, EEOC will
generally adopt our action in your case.

Dated: September 13, 2007
       New York, New York

                    STATE DIVISION OF HUMAN RIGHTS

By:     _____
        Wilson P. Ortiz
        Acting Regional Director