UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JACQUELYN WHITE,

                             Plaintiff,

      -against-

DEPARTMENT OF CORRECTIONAL SERVICES
("DOCS"), NEW YORK STATE,
SUPERINTENDENT JOSEPH WILLIAMS,
DEPUTY SUPERINTENDENT OF SECURITY
NICHOLAS BROCCO (retired), ACTING DEPUTY
SUPERINTENDENT OF SECURITY
SALVATORE MUNAFO, LT. RONALD HAINES,
LT. GEORGE VAN VALKENBURG, AND
LT. ROBERT MURRAY,
SUED IN THEIR INDIVIDUAL AND
PROFESSIONAL CAPACITY,

                     Defendants.

-----------------------------------------------------------------X

**Original Filed by ECF**

08-CV-0993 (JGK)(DCF)

## MEMORANDUM OF LAW IN SUPPORT OF PARTIAL
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ANDREW CUOMO
Attorney General of the
 State of New York
Attorney for Defendants
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8118

JULINDA DAWKINS
Assistant Attorney General
of Counsel

**TABLE OF CONTENTS**

                                                                                        **Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT I       PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM REQUIRES
              DISMISSAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A.      Plaintiff Has Failed to Exhaust Her Administrative Remedies . . . . . . . . . . . . . . . . . . 7

      B.      Plaintiff's Gender Discrimination– Hostile Work Environment Claim Must Fail
              Because She Fails to Allege Conduct Evidencing That She Was Subjected To
              Severe And Pervasive Harassment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POINT II      PLAINTIFF'S § 1983 DUE PROCESS AND EQUAL PROTECTION
              CLAIMS REQUIRE DISMISSAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      A.      Plaintiff Received Procedural Due Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
      B.      Plaintiff Has Failed to Establish a Substantive Due Process Violation . . . . . . . . . . . 11
      C.      Plaintiff Was Not Denied Equal Protection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

POINT III     PLAINTIFF'S COMPLAINT FAILS TO STATE A §1983 FIRST
              AMENDMENT RETALIATION CLAIM BECAUSE SHE HAS
              NOT ALLEGED ANY ADVERSE ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      A.      Speech Not of Public Concern . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
      B.      No Adverse Employment Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
      C.      There Is No Causal Connection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

POINT IV

      A.      Plaintiff's New York State Human Rights  Law Claims Are Barred by
              the Eleventh Amendment to the United States Constitution . . . . . . . . . . . . . . . . . . . 19

      B.      Plaintiff's State Human Rights Law Claims Are Barred by
              The Election of Remedies Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

POINT V       THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
              PLAINTIFF'S STATE HUMAN RIGHTS LAW CLAIMS AND BREACH
              OF CONTRACT CLAIMS AGAINST INDIVIDUAL DEFENDANTS . . . . . . . . . . 21

POINT VI     PLAINTIFF'S CLAIMS IN THE THIRD, FIFTH, SIXTH, AND
             SEVENTH CAUSES OF ACTION AGAINST THE STATE, DOCS
             AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL
             CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT . . . . . . . . . 23

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

AOL Time Warner Inc. Securities Litigation,
  2007 WL. 1789013 (S.D.N.Y. June 20, 2007) .................................................. 6

Alfano v. Costello,
  294 F.3d 365 (2d Cir. 2002) ............................................................. 8, 11

Arteaga v. State,
  72 N.Y.2d 212 (1988) ..................................................................... 22

Baker v. Coughlin,
  77 F.3d 12 (2d Cir. 1996) .......................................................... 21, 22, 23

Barton v. City of Bristol,
  294 F. Supp. 2d 184 (D. Conn. 2003) .................................................. 11, 12

Bell Atlantic Corp. v. Twombly,
  127 S. Ct. 1955 (2007) .................................................................. 6, 7

Bishop v. Porter,
  2003 WL. 21032011 (S.D.N.Y. May 8, 2003) ............................................... 6

Blum v. Schlegel,
  18 F.3d 1005 (2d Cir. 1994) .............................................................. 14

Brass v. American Film Technologies, Inc.,
  987 F.2d 142 (2d Cir. 1993) ............................................................... 3

Brennan v. Metropolitan Opera Ass'n, Inc.,
  192 F.3d 310 (2d Cir. 1999) ............................................................... 9

Brown v. Lawrence Stevens Fashions, Inc.,
  2004 U.S. Dist. LEXIS 5354 (S.D.N.Y. March 30, 2004) .................................... 20

Butts v. New York Dep't of Hous. Preservation & Dev.,
  990 F.2d 1397 (2d Cir. N.Y. 1993) ...................................................... 7, 8

Cajuste v. Lechworth Development Disabilities Serv.,
  No. 03 Civ. 0161, 2005 U.S. Dist. LEXIS 82 (S.D.N.Y. Jan.4, 2005) ...................... 23

Cassells v. University Hospital at Stony Brook,
  740 F. Supp. 143 (E.D.N.Y. 1990) ........................................................ 19

-iii-

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

City of Cleburne v. Cleburne Living Ctr., Inc.,
   473 U.S. 432, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Clark County Sch. District v. Breeden,
   532 U.S. 268 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Cleveland Bd. of Educ. v. Loudermill,
   470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Connick v. Myers,
   461 U.S. 138, 75 L. Ed. 2d 708, 103 S. Ct. 1684 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

County of Sacramento v. Lewis,
   523 U.S. 833, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cruz v. Coach Stores, Inc.,
   202 F.3d 560 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Dapelo v. Banco Nacional de Mexico,
   767 F. Supp. 49 (S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Deters v. Lafuente,
   368 F.3d 185 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Diesel v. Town of Lewisboro,
   232 F.3d 92 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Doe v. Goord,
   2004 WL. 2829876 (S.D.N.Y. Dec. 10, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Dube v. State University of New York,
   900 F.2d 587 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991) . . . . . . . . . . . . . . . . . . . . . 24

Edelman v. Jordan,
   415 U.S. 651, 94 S. Ct. 1347 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Emil v. Dewey,
   49 N.Y.2d 968 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Faragher v. City of Boca Raton,
   524 U.S. 775, 141 L. Ed. 2d 662, 118 S. Ct. 2275 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Francis v. City of New York,
   235 F. 3d 763 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Harlen Associates v. Inc. Vill. of Mineola,
 273 F.3d 494 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Harris v. Forklift System, Inc.,
 510 U.S. 17, 126 L. Ed. 2d 295, 114 S. Ct. 367 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ierardi v. Sisco,
 119 F.3d 183 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

Iqbal v. Hasty,
 490 F.3d 143, 2007 WL 1717803 (2d Cir. June 14, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Johnson v. Glick,
 481 F.2d 1028 (2d Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Johnson v. Newburgh Enlarged Sch. Dist.,
 239 F.3d 246 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Kamen v. American Tel. & Tel. Co.,
 791 F.2d 1006 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Koehler v. City of New York,
 2005 U.S. Dist. LEXIS 8901 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Kramer v. Time Warner, Inc.,
 937 F.2d 767 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lee v. NY State Dep't of Health, et al.,
 2001 U.S. Dist. LEXIS 11287 (S.D.N.Y. March 21, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Leibovitz v. N.Y. City Transit Auth.,
 252 F.3d 179 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Lewis v. Cowen,
 165 F.3d 154 (2d Cir. 1999), cert. denied, 528 U.S. 823, 145 L. Ed. 2d 60,
 120 S. Ct. 70 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Makarova v. United States,
 201 F.3d 110 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Marine Midland Bank v. New York State Div. of Human Rights,
 75 N.Y.2d 240 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

McGuiness v. Lincoln Hall,
 263 F.3d 49 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Meritor Sav. Bank, FSB v. Vinson,
  477 U.S. 57, 91 L. Ed. 2d 49, 106 S. Ct. 2399 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Moodie v. Federal Reserve Bank,
  58 F.3d 879 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21, 22

Morris v. Lindau,
  196 F.3d 102 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16, 17

Narumanchi v. Bd. of Trustees,
  850 F.2d 70 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Oncale v. Sundowner Offshore Servs.,
  523 U.S. 75, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pan American World Airways v. New York State Human Rights Appeal Bd.,
  61 N.Y.2d 542 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Pennhurst State Sch. & Hospital v. Halderman,
  465 U.S. 89, 104 S. Ct. 955 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 23, 24

Perry v. Ethan Allen, Inc.,
  115 F.3d 143 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Phipps v. New York State Dep't of Labor,
  53 F. Supp. 2d 551 (N.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Pierce v. Netzel,
  No. 98-CV-532A(F), 2004 U.S. Dist. LEXIS 8742 (W.D.N.Y. May 10, 2004) . . . . . . . . . . . 13

Promisel v. First American Artificial Flowers, Inc.,
  943  F.2d 251 (2d Cir. 1991), cert. denied, 502 U.S. 1060 (1992) . . . . . . . . . . . . . . . . . . . . . 22

Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.,
  506 U.S. 139 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Quern v. Jordan,
  440 U.S. 332 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Rao v. New York City Health & Hospitals Corp.,
  905 F. Supp. 1236 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

San Leandro Emergency Med. Group Profit Sharing Plan v. Phillip Morris Cos.,
  75 F.3d 801 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Santiago v. N.Y.S. Department of Correctional Svc.,
  945 F.2d 25 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992) . . . . . . . . . . . . . . . . . . . . . . 24

Skehan v. Vill. of Mamaroneck,
   465 F.3d 96 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Smith v. Half Hollow Hills Cent. Sch. Dist.,
   298 F.3d 168 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tenenbaum v. Williams,
   193 F.3d 581 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Trotman v. Palisades Interstate Park Committee,
   557 F.2d 35 (2d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Washington v. County of Rockland,
   373 F.3d 310 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Weeks v. New York State Div. of Parole,
   273 F.3d 76 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

White Plains Towing Corp. v. Patterson,
   991 F.2d 1049 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Will v. Michigan Department of State Police,
   491 U.S. 58 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Woodcock v. Montefiore Medical Ctr., supra,
   48 F. Supp. 2d at 236 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

York v. Association of the Bar of,
   N.Y., No. 01-7908, 2002 U.S. App. LEXIS 5947 (2d Cir. Apr. 3, 2002) . . . . . . . . . . . . . . . 20

Zelnik v. Fashion Inst. of Tech.,
   464 F.3d 217 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**United States Constitution**

First Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Eleventh Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 19, 21, 23, 24

Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Federal Statutes**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 11, 14, 24
Title VII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 8,11

**Federal Rules**

Fed. R. Civ. P. 8(a) ................................................................. 6
Fed. R. Civ. P. 12(b) ............................................................. 25
Fed. R. Civ. P. 12(b)(1) ........................................................ 1, 6
Fed. R. Civ. P. 12(b)(6) ..................................................... 1, 2, 6, 7
Fed. R. Evid. 201 ................................................................. 2

**State Statutes**

N.Y. Corr. Law §24 (McKinney 1997) ................................... 2, 21, 22, 23
N.Y. Executive Law § 296 .............................................. 2, 19, 20, 23
N.Y. Executive Law § 297(9) ........................................... 2, 20, 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

JACQUELYN WHITE,

                           **Original Filed by ECF**

                      Plaintiff,

    -against-                        08-CV-0993 (JGK)(DCF)

DEPARTMENT OF CORRECTIONAL SERVICES
("DOCS"), NEW YORK STATE,
SUPERINTENDENT JOSEPH WILLIAMS,
DEPUTY SUPERINTENDENT OF SECURITY
NICHOLAS BROCCO (retired), ACTING DEPUTY
SUPERINTENDENT OF SECURITY
SALVATORE MUNAFO, LT. RONALD HAINES,
LT. GEORGE VAN VALKENBURG, AND
LT. ROBERT MURRAY,
SUED IN THEIR INDIVIDUAL AND
PROFESSIONAL CAPACITY,

                      Defendants.

--------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PARTIAL
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### Preliminary Statement

Defendants, New York State Department of Correctional Services ("DOCS"), New

York State, Superintendent Joseph Williams, Nicholas Brocco, Salvatore Munafo, Ronald Haines,

George Van Valkenburg and Robert Murray ("Defendants") submit this memorandum of law in

support of their partial motion to dismiss the complaint of Plaintiff, Jacquelyn White, pursuant to

Fed. R. Civ. P. 12(b)(1) and (6) on the following grounds:

    (a) Plaintiff's Title VII hostile work environment claim (Count II) should be

dismissed for failure to state a claim;

    (b) Plaintiff's § 1983 due process and equal protection claims (Count III) should be

dismissed for failure to state a claim;

(c) Plaintiff's § 1983 First Amendment Retaliation claim (Count III) should be dismissed for failure to state a claim;

(d) Plaintiff's New York State Executive Law ("HRL") §296 claims (Count V) against the State and DOCS are barred by the Eleventh Amendment to the United States Constitution;

(e) Plaintiff's New York State Executive Law ("HRL") §296 claims (Count V) are statutorily barred under Executive Law §297(9) because of Plaintiff's election to assert them before the New York State Division of Human Rights ("SDHR");

(f) New York State Executive Law ("HRL") §296 claims (Count V) and Plaintiff's Breach of Contract Claims (Count VI) against individual Defendants Williams, Brocco, Munafo, Haines, Van Valdenburg, and Murray are barred by COL § 24;

(g) Plaintiff's Third, Fourth, Sixth, and Seventh claims against the State, DOCS, and the individual Defendants in their official capacities are all barred by the Eleventh Amendment.

## Statement of the Facts

For the purposes of this motion to dismiss only, all of the facts asserted in Plaintiff's complaint are assumed to be true. For the court's convenience, copies of the following public records: (1) Plaintiff's Complaint, (2) the docket sheet in this action, (3) Plaintiff's July 3, 2006 SDHR Charge of Discrimination, and (4) the SDHR's September 13, 2007 Determination and Order After Investigation are annexed as exhibits to the accompanying declaration of Defendants' counsel, Assistant Attorney General Julinda Dawkins ("Dawkins Dec.").[1]

_____

[1]This Court may take judicial notice of Plaintiff's SDHR Charge of Discrimination and the SDHR Determination and Order After Investigation pursuant to Fed. R. Evid. 201. In addition, both documents are referred to in paragraph 31 of Plaintiff's Complaint and it is well-settled that on a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, a court may consider "documents... of which Plaintiffs had knowledge and relied on in

2

Plaintiff, Jacquelyn White, has been employed with DOCS since May 19, 1986. <u>See</u> Complaint, dated January 29, 2008, annexed to Dawkins Decl as Exhibit (Ex.) A, ¶14. Since 1992, Plaintiff has been assigned to the Lincoln Correctional Facility ("Lincoln") located at 31 W. 110th St. N.Y, N.Y. and is currently employed there. <u>Id.</u> While at Lincoln, Plaintiff was and is the Relief Officer for the Release Process Booth and Officer in Charge Post. <u>Id.</u> at ¶25.

On or about August of 2004, Plaintiff alleges that Defendants ordered the area near the Release Process Booth to be painted. <u>Id.</u> at ¶26. Plaintiff complained to her supervisors, including Defendant Munafo, that the fumes were creating a health risk to her and she wanted the painting to stop. <u>Id.</u> at ¶27. Defendants refused and Plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA") regarding Defendant's failure to post a warning about the fumes and possible health risks from painting. <u>Id.</u> at ¶28.

After Defendants received knowledge that Plaintiff had complained to OSHA, Plaintiff alleges that Defendant Munafo told Plaintiff that she should have not gone to OSHA to complain because she was going to get everyone in trouble. <u>Id.</u> at ¶29. However, Defendants halted painting during Plaintiff's work hours. <u>Id.</u>

On or about February 2006, Plaintiff reported to her Union, NYSCOPBA, who then filed a complaint with Lincoln, that Defendants Haines, Munafo, Van Valkenburg, and other supervisors were living in the basement with Brocco's approval, in violation of Directive 4005. <u>Id.</u> at ¶31.

On May 3, 2006, Lincoln posted a job for assignment Release Process Booth/O.I..C. Post No. 0031; Tour II; Squad 8, asking for bids from male officers only. <u>Id.</u> at ¶36. Prior to this

___

bringing suit." <u>Brass v. American Film Technologies, Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993), quoted with approval in <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002).

3

date, the position of Release Process Booth/O.I.C. was available to both male and female officers. Id. at ¶38. Officers in this position are responsible for taking urine samples, and performing strip frisks of inmates coming and going to work or on home furloughs. Id. at ¶32. Plaintiff alleges that she has always been able to perform all the duties required for the Release Process Booth position. Id. at ¶34. Whenever a urine test or strip search was required of a male inmate, Plaintiff states that she was able to use an available male staff member to complete those tasks. Id. at ¶34.

Plaintiff submitted her bid for the job but was denied the position. Id. at ¶41- 42. After the unsuccessful bid, Plaintiff filed a complaint on or about July 3, 2006, with the SDHR and EEOC, arguing that she was denied the job because she is female. Id. at ¶ 42; see Plaintiff's SDHR Charge of Discrimination, dated July 3, 2006, annexed to Dawkins Decl as Ex. C. Plaintiff contends that she was the most qualified candidate based on seniority and experience. Id. at ¶42. On October 29, 2007, EEOC issued Plaintiff a "Dismissal and Notice of Rights" letter. See Exhibit A of Complaint, dated January 29, 2008, annexed to Dawkins Decl as Ex. A. On September 13, 2007, SDHR issued a determination finding that "there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of." See SDHR Determination and Order After Investigation, dated September 13, 2007, annexed to Dawkins Decl as Ex. D.

On or about April 7, 2007, Plaintiff complained to Defendants and her Union regarding gender discrimination and the "male only" post position. Id. at ¶44.

On or about May 29, 2007, Plaintiff received a Notice of Discipline ("NOD") for leaving her post without authorization, for being insubordinate and for failing to leave the Release Processing Booth in a timely manner. Id. at ¶45. However, Plaintiff alleges that Defendant Haines issued her the NOD in retaliation for Plaintiff's complaints. Id. Plaintiff, on or about May 31, 2007,

4

filed a grievance through her Union in regards to the Notice of Discipline. Id. at ¶46. At time Plaintiff filed her lawsuit, this issue had not been resolved. Id.

On or about May 31, 2007, Plaintiff was issued a formal counseling letter because of an entry she made in a logbook. Id. at ¶47. Plaintiff alleges that Van Valkenburg issued the formal counseling letter to Plaintiff in retaliation for her prior complaints. Id.

On or about August 18, 2007, Plaintiff received another formal counseling memo for allegedly allowing an inmate to pass outside Lincoln without proper authorization. Id. at ¶49. Plaintiff alleges that responsibility for allowing the inmate to leave was not hers, but an Officer Haqq's. Id. Plaintiff contends that Defendant Haines improperly issued the formal counseling memo in retaliation for Plaintiff's prior complaints. Id.

On or about September 24, 2007, Plaintiff received an "Excellent Performance Rating" from her immediate supervision for the May 19, 2006, to May 19, 2007, time period. Id. at ¶51. However, in the same evaluation, Defendant Murray stated that Plaintiff "appears to be more intent in creating disharmony in her workplace. Id. at ¶51. Plaintiff alleges that Murray made this comment after Plaintiff's complaints were filed. Id.

Defendants posted the same bid position for Release Process Booth/O.I.C. in November of 2007. Id. at ¶52. Plaintiff submitted her bid for the position and was denied again on January 2008. Id. at ¶53. Plaintiff contends that she was denied the post because she is female, even though she has more experience and seniority than the other officers that applied for the position. Id. at ¶53.

On January 30, 2008, Plaintiff commenced this federal action by filing her Complaint in the Office of the Clerk of the Southern District of New York.

5

## ARGUMENT

### STANDARD OF REVIEW

The standards of review for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), for

failure to state a claim, and 12(b)(1), for lack of subject matter jurisdiction, are essentially the same,

Doe v. Goord, 2004 WL 2829876, *6 (S.D.N.Y. Dec. 10, 2004); Bishop v. Porter, 2003 WL

21032011, *3 (S.D.N.Y. May 8, 2003), except that in a 12(b)(6) motion the defendant has the burden

of proof, while in a 12(b)(1) motion it is the plaintiff who has the burden of proof. Doe v. Goord,

2004 WL 2829876 at fn. 11; Bishop v. Porter, 2003 WL 21032011 at *3. In addition, in resolving a

motion made under Rule 12(b)(1), a court "may refer to evidence outside the pleadings." Makarova

v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791

F.2d 1006, 1011 (2d Cir. 1986)).

According to the Supreme Court, the "'touchstone for a well-pleaded complaint

under Federal Rule of Civil Procedure 8(a) and 12(b)(6) is plausibility.'" AOL Time Warner Inc.

Securities Litigation, 2007 WL 1789013, *2 (S.D.N.Y. June 20, 2007) (quoting Bell Atlantic Corp.

v. Twombly, 127 S.Ct. 1955, 1968, 1974 (2007)). "'While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do (citations, quotations marks, and alterations

omitted))." Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65)). The factual

allegations of a complaint "'must be enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true (even if doubtful in fact) (citations

omitted))." Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1965)).

According to the Second Circuit, although the Supreme Court is "'not requiring a

universal standard of heightened fact pleading,' it is 'requiring a flexible 'plausibility standard,'

which obliges a pleader to amplify a claim with some factual allegations in those contexts where

such amplification is needed to render the claim *plausible*.'" Id. at 1969, fn. 3 (quoting Iqbal v.

Hasty, 490 F.3d 143, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007)).

　　　　　When considering a motion to dismiss pursuant to Rule 12(b)(6), the "'court must

limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or

incorporated in the complaint by reference.'" Id. at 1969 (quoting Kramer v. Time Warner, Inc., 937

F.2d 767, 773 (2d Cir. 1991)); San Leandro Emergency Med. Group Profit Sharing Plan v. Phillip

Morris Cos., 75 F.3d 801, 808-09 (2d Cir. 1996) (holding that documents "integral" to the complaint

are properly considered on a motion to dismiss).

## POINT I

## PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM REQUIRES DISMISSAL

### A.　　Plaintiff Has Failed to Exhaust Her Administrative Remedies

　　　　　The "exhaust[ion of] administrative remedies is a precondition to bringing a Title VII

claim in federal court." Francis v. City of New York, 235 F. 3d 763, 768 (2d Cir. 2000)(internal

quotations omitted). "A district court only has jurisdiction to hear Title VII claims that either are

included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is

'reasonably related' to that alleged in the EEOC charge." See Butts v. New York Dep't of Hous.

Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir. N.Y. 1993)(citations omitted). Here, plaintiff's

hostile work environment claim fails because it was not asserted in the complaint filed with the

SDHR/EEOC, thus the Court lacks jurisdiction.

　　　　　In Butts v. New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, the Second

Circuit identified three situations where a claim not charged in the EEOC complaint could be

7

inferred as being reasonably related to the claims brought in a lawsuit. Id. at 1402. The first type includes claims "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. The second type is "one alleging retaliation by an employer against an employee for filing an EEOC charge." Id. The third type of claim is "where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Id. at 1402-1403.

Plaintiff's hostile environment claim is not reasonably related to her claim that defendants have discrimination against her on the basis of her sex. The only allegation contained in plaintiff's SDHR/ EEOC complaint is that she was subjected to sex discrimination after she was denied the Release Process Booth/O.I.C. position which was designated male only. Plaintiff never alleged that she was being harassed or that she was subjected to any kind of hostile or abusive work environment.

**B.    Plaintiff's Gender Discrimination– Hostile Work Environment Claim Must Fail Because She Fails to Allege Conduct Evidencing That She Was Subjected To Severe And Pervasive Harassment.**

Plaintiff's second cause of action under Title VII against DOCS and the State must also be dismissed for failure to state a claim. To prevail on a hostile work environment claim, a plaintiff must show that the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) (internal quotation omitted); see also Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 78, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998) (stating that a hostile work environment is created "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment") (internal

8

quotation omitted).

"The plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." Leibovitz v. N.Y. City Transit Auth., 252 F.3d 179, 188 (2d Cir. 2001) (citing Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 91 L. Ed. 2d 49, 106 S. Ct. 2399 (1986)); Brennan v. Metro. Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir. 1999). This test has both objective and subjective elements: the misconduct shown must be "severe or pervasive enough to create an objectively hostile or abusive work environment," and the victim must also subjectively perceive that environment to be abusive. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 126 L. Ed. 2d 295, 114 S. Ct. 367 (1993). As a general rule, incidents must be more than "episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997) (citation and internal quotation marks omitted). Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness. Brennan, 192 F.3d at 318; see also Faragher v. City of Boca Raton, 524 U.S. 775, 788, 141 L. Ed. 2d 662, 118 S. Ct. 2275 (1998) (noting that "we have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment").

To decide whether the threshold has been reached, courts examine the totality of the circumstances, considering the severity, frequency, and degree of the abuse. Harris, 510 U.S. at 23 (relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance"); see also Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000).

As evidence of a hostile work environment, Plaintiff alleges that she was improperly issued a

9

Notice of Discipline by Haines, was improperly issued two formal counseling letters/memos by Haines and Van Valkenburg, was denied removal of Van Valkenburg's formal counseling memo by Brocco, and was given a bad evaluation by Murray. See Complaint at ¶45, 47-50. Plaintiff alleges that she was given all of these documents and treated this way in retaliation for her complaints of discrimination and whistle blowing, thereby creating a hostile work environment in which she was "verbally harassed and retaliated against." Id. at ¶45, 47, 49-50, 68-74.

However, these allegations utterly fail to make out a hostile work environment. Plaintiff does not show how Defendants' "harassment" was "sufficiently severe or pervasive to alter the conditions" of her employment and "create[d] an abusive working environment." Plaintiff's five allegations amount to discrete instances of routine discipline action taken by her supervisors and do not constitute "harassment." Such instances are not properly addressed under the hostile work environment analysis. While all of the five events occurred within a four month span of one another, none of the incidents are so severe, pervasive or continuous enough to meet create a hostile working environment. They are at most, episodic incidents of routine disciplinary action. Nor does Plaintiff's complaint support the finding that the instances interfered with her work performance either. In fact, Plaintiff received an "Excellent Performance Rating" from May 19, 2006, to May 19, 2007, during which time she received the Notice of Discipline from Haines. Id. at ¶50. None of the alleged instances show that the workplace was "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." Leibovitz v. N.Y City Transit Auth., 252 F.3d 179, 188 (2d Cir. 2001) (citing Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 91 L. Ed. 2d [*374] 49, 106 S.Ct. 2399 (1986)). Moreover, neither the nature of these actions themselves, nor any allegations in the complaint, raise any inference that this allegedly hostile work environment was created as a result of Plaintiff's sex or any

10

other protected status.  Alfano, 294 F.3d at 377.  Therefore, this claim should be dismissed.

## POINT II

### PLAINTIFF'S §1983 DUE PROCESS AND EQUAL PROTECTION CLAIMS REQUIRE DISMISSAL

#### A.    Plaintiff Received Procedural Due Process.

Plaintiff fails to state a claim against the individual Defendants in the third cause of action.  "A two-prong test applies to analyze procedural due process claims.  First, 'the threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution.'  Second, 'if a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process.'"  Barton v. City of Bristol, 294 F. Supp.2d 184, 197 (D. Conn. 2003) (emphasis in original) (quoting Narumanchi v. Bd. of Trustees, 850 F.2d 70, 72 (2d Cir. 1988)).  "The essential elements of due process are notice and an opportunity to be heard."  Koehler v. City of New York, 2005 U.S. Dist. LEXIS 8901, *17-18 (S.D.N.Y. 2005) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)(due process requires only that a public employee receive "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."))

Plaintiff  asserts that Defendants violated her constitutional rights to be free from discrimination and retaliation under Title VII based upon her gender and her opposition to discrimination and workplace violations.  See Complaint at ¶78.  Plaintiff does not identify any property or liberty interest and does not allege any activity that rises to the level of a deprivation of a liberty or a property interest; this claim must therefore be dismissed.

#### B.    Plaintiff Has Failed to Establish a Substantive Due Process Violation.

"Substantive due-process rights guard against government's exercise of power

11

without any reasonable justification in the service of a legitimate governmental objective."

Tenenbaum v. Williams, 193 F.3d 581, 600 (2d Cir. 1999) (citing County of Sacramento v. Lewis,

523 U.S. 833, 843, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998)) (internal quotation marks omitted).

> "The protections of substantive due process are available only
> against egregious conduct which goes beyond merely offending
> some fastidious squeamishness or private sentimentalism and
> can fairly be viewed as so brutal and offensive to human dignity
> as to shock the conscience." Smith v. Half Hollow Hills Cent. Sch. Dist.,
> 298 F.3d 168, 173 (2d Cir. 2002) (quoting Johnson v. Glick, 481 F.2d
> 1028, 1033 & n.6 (2d Cir. 1973)). "Malicious and sadistic abuses of
> government power that are intended only to oppress or to cause injury
> and serve no legitimate government purpose unquestionably shock the
> conscience." Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 252 (2d Cir.
> 2001).

Barton, 294 F. Supp.2d at 198.

Here, Plaintiff fails to assert facts that would support a claim that her substantive due

process rights were violated. Defendants' alleged conduct does not rise to the level of a malicious

and sadistic abuse of government power. The complaint reveals only corrective and disciplinary

personnel actions routinely taken against officers. Therefore, the complaint should be dismissed.

## C.    Plaintiff Was Not Denied Equal Protection.

The Equal Protection Clause of the Fourteenth Amendment commands that all

persons similarly situated be treated alike. U.S. Const. amend XIV; see City of Cleburne v. Cleburne

Living Ctr., Inc., 473 U.S. 432, 439 (1985). To succeed on an equal protection claim, "Plaintiff must

show that: (1) [s]he was treated differently from other similarly-situated individuals; and (2) the

differential treatment was based on 'impermissible considerations such as race, religion, intent to

inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a

person.'" Skehan v. Vill. of Mamaroneck, 465 F.3d 96, 110 (2d Cir. 2006) (quoting Harlen Assocs.

v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (internal quotation marks omitted)).

12

Plaintiff alleges five instances in which she was allegedly treated differently from her fellow officers. First, on May 29, 2007, Plaintiff alleges she improperly received a NOD from Defendant Haines for leaving her post without authorization and being insubordinate to an officer. See Complaint at ¶45. Second, on May 31, 2007, Plaintiff alleges she improperly received a formal counseling letter from Defendant Van Valkenburg as a result of an entry she made in a logbook. Id. at ¶ 47. Third, when Plaintiff complained about the formal counseling letter, Plaintiff alleges that Defendant Brocco refused to remove the letter from her personal file. Id. at ¶49. Fourth, Plaintiff alleges that she improperly received a counseling memo from Defendant Haines for allowing an inmate to pass outside of Lincoln, although she claims this was not her responsibility. Id. at ¶49. And last, Plaintiff received a bad note on her evaluation from Defendant Murray. Id. at ¶51.

Here, Plaintiff has claimed membership in a protected class, based on her gender. See Complaint, at ¶13. However, Plaintiff has failed to show (1) that she was treated differently from other similarly situated individuals and (2) that she received the NOD from Defendant Haines and the formal counseling letters/memos from Defendants Haines and Van Valkenburg based on her gender. Furthermore, she has failed to show that Defendant Brocco's refusal to remove the formal counseling memo issued by Defendant Van Valkenburg from her file and Defendant Murray's note in her evaluation were motivated by her sex. Instead, Plaintiff's allegations are wholly conclusory. First, Plaintiff neither identifies any other similarly situated individuals, nor explains how she was treated differently from them based on her sex. Pierce v. Netzel, No. 98-CV-532A(F), 2004 U.S. Dist. LEXIS 8742, at *42-*44 (W.D.N.Y. May 10, 2004) (plaintiff, black male employee, did not identify any other similarly situated employees to allow the court to compare the alleged discriminatory conduct that defendant subjected plaintiff based on his race, with defendant's treatment of non-African American employees) (quoting McGuiness v. Lincoln Hall, 263 F.3d 49, 53

13

(2d Cir. 2001) ("plaintiff, white employee female, established she was similarly situated to black male employee who received more generous severance package, by producing evidence that both employees held positions of roughly equivalent rank, were terminated at the same time, and severance package decisions were made by officers at highest level in company"). Second, Plaintiff proffers no evidence that she received the NOD and the formal counseling letter/memos based on her sex. As established above, the NOD and formal counseling letters were issued to her for disciplinary reasons. Nor has Plaintiff offered any evidence that Defendants Brocco and Murray's actions were based on her sex. Therefore, Plaintiff's equal protection claim must be dismissed.

**POINT III**

**PLAINTIFF'S COMPLAINT FAILS TO STATE A §1983 FIRST AMENDMENT RETALIATION CLAIM BECAUSE SHE HAS NOT ALLEGED ANY ADVERSE ACTION**

For a public employee to state a valid retaliation claim under § 1983, the employee must allege that (1) her speech was constitutionally protected; (2) she suffered from an adverse employment action; and (3) her speech was a motivating factor behind the adverse employment action. Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999).

Here, Plaintiff alleges that she was subjected to a hostile working environment and harassment in retaliation for exercising her First Amendment rights to free speech. See Complaint at ¶78. However, Plaintiff has failed to allege facts to support this claim

**A.    Speech Not of Public Concern**

As a threshold matter, a public employee's speech is protected by the First Amendment only if it can "be fairly characterized as constituting speech on a matter of public concern." Connick v. Myers, 461 U.S. 138, 146, 75 L. Ed. 2d 708, 103 S. Ct. 1684; see Blum v. Schlegel, 18 F.3d 1005, 1012 (2d Cir. 1994) ("The determinative issue is whether [the speech] arises

14

from the speaker's status as a public citizen or from the speaker's status as a public employee."); see also Lewis v. Cowen, 165 F.3d 154, 163-64 (2d Cir. 1999) ("In reaching this decision, the court should focus on the motive of the speaker and attempt to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose."), cert. denied, 528 U.S. 823, 145 L. Ed. 2d 60, 120 S. Ct. 70 (1999).

Plaintiff's complaint alleges five instances in which she allegedly engaged in activity that might be protected by the First Amendment. Plaintiff alleges she complained to the Superintendent and her supervisors about the fumes from the painting See Complaint at ¶27-28. In August 2004, Plaintiff filed a complaint with OSHA in regards to the painting and Defendant's failure to post a warning sign regarding the fumes and possible health risks. Id. at ¶28. On or about July 3, 2006, Plaintiff filed a complaint of sex/gender discrimination with the SDHR, which was also filed with the EEOC, regarding denial of her bid for the Release Booth/O.I.C position. Id. at ¶43. Plaintiff also filed a grievance through her Union on or about May 31, 2007 regarding the NOD that was issued by Defendant Haines. Id. at ¶46. Plaintiff also alleges that she improperly received two formal counseling memos/letters from Defendants Haines and Van Valkenburg. Id. at ¶47-49.

When the alleged protected speech involves a prior complaint, or grievance, "the fundamental question is whether the employee is seeking to vindicate personal interests or to bring to light a 'matter of political, social, or other concern to the community.'" Rao v. New York City Health & Hosps. Corp., 905 F. Supp. 1236, 1243 (S.D.N.Y. 1995) (quoting Connick, 461 U.S. at 146). "Even as to an issue that could arguably be viewed as a matter of public concern, if the employee has raised the issue solely in order to further his [or her] own . . . interest, his [or her] First Amendment right to comment on that issue is entitled to little weight." White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1059 (2d Cir. 1993).

15

Here, Plaintiff's grievance and complaints were made to "vindicate her personal interests." When Plaintiff complained to the Superintendent, her supervisors, and OSHA in August of 2004 about the painting, she complained to get the painting halted, and Defendants did exactly that. See Complaint at ¶25-27, 30. Furthermore, Plaintiff's May 31, 2007, grievance regarding the Notice of Discipline was specific to her own situation on May 29, 2007. Plaintiff's complaints regarding her subsequent formal counseling letters/memos were also in regards to her own personal interests and were not designed to "bring to light a 'matter of political, social, or other concern to the community.'" Thus, these complaints cannot "be fairly characterized as constituting speech on a matter of public concern."

## B.    No Adverse Employment Action

Assuming arguendo that the Court finds that the Plaintiff engaged in protected speech, the complaint should be dismissed because Plaintiff was not subjected to any adverse employment action. In determining whether an employment action is adverse in First Amendment retaliation cases, the test is whether the alleged acts "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action." Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 225 (2d Cir. 2006) (internal quotation marks and citation omitted). The Second Circuit noted in Zelnik that the alleged retaliatory acts must be "more than de minimis" to constitute adverse employment actions. Id. at 226. Adverse employment actions have been found to include "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." Id. (quoting Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999)).

Plaintiff alleges that Defendants Munafo, Wilson, Van Valkenburg and Murray were involved "in the harassment and retaliation of Plaintiff" for her making complaints to other supervisors within DOCS, the EEOC and SDHR. See Complaint at ¶16-19. Plaintiff alleges that in

16

2007, she received a NOD for leaving her post and being insubordinate, she received formal

counseling letters/memos twice for an entry she made in a logbook and for allowing to an inmate to

pass outside of Lincoln, and that her "excellent" performance evaluation was marred by Defendant

Murray. None of these actions however, have been held to constitute an adverse employment action.

See Weeks v. New York State Div. of Parole, 273 F.3d 76, 86 (2d Cir. 2001) (finding in employment

discrimination case that the receipt of a counseling memo or notice of discipline does not constitute

an adverse employment action). There is no allegation in the complaint to indicate that Plaintiff was

disadvantaged by this action or the other alleged actions. Therefore, Plaintiff's claim should be

dismissed.

## C.    There Is No Causal Connection

Assuming arguendo that the Court finds that the Plaintiff was subject to an adverse

employment action for engaging in protected speech, Plaintiff has failed to allege a causal

connection between the speech and the adverse action.

In order to establish a causal connection between the protected speech and the

adverse employment action, the plaintiff must show that the speech was a "substantial motivating

factor" of the adverse employment action. Washington v. County of Rockland, 373 F.3d 310, 321 (2d

Cir. 2004). In other words, a plaintiff must show that, absent the employee's protected speech, the

adverse employment action would not have been taken. Morris v. Lindau, 196 F.3d 102, 110 (2d

Cir. 1999). This showing requires tangible proof; the plaintiff "'may not rely on conclusory

assertions of retaliatory motive.'" Washington, 373 F.3d at 321 (quoting Deters v. Lafuente, 368

F.3d 185, 190 (2d Cir. 2004)). To survive a motion to dismiss, plaintiff must allege facts sufficient

to support an inference that her protected conduct played a substantial part in the adverse action

taken against her. See Diesel v. Town of Lewisboro, 232 F.3d 92, 107 (2d Cir. 2000).

17

Here, Plaintiff's complaint fails to meet this standard.  Plaintiff alleges that
Defendants Munafo, Wilson, Van Valkenburg and Murray were involved "in the harassment and
retaliation of Plaintiff" for her making complaints to other supervisors within DOCS, the EEOC and
SDHR. See Complaint at ¶16-19.  Plaintiff alleges conduct that would be protected by the First
Amendment beginning in August 2004.  However, there is no corollary between the alleged
protected conduct and an alleged adverse employment action.  She makes no allegations that the
complaint to the Superintendent is connected to any discipline she received or that the grievance she
filed in August 2004 is related to any other disciplinary action.  Instead, Plaintiff makes a conclusory
allegation that she was retaliated against.

As to Plaintiff's allegation that she was retaliated against for filing a complaint with
her Union regarding the illegal living situation in the basement on or about February 2006, see
Complaint at ¶31, for filing a Charge of Discrimination with the SDHR and EEOC on or about July
3, 2006, Id. at ¶7, and for complaining about the NOD and one of the formal counseling
letters/memos, Id. at ¶45-49, these claims also fail.  Plaintiff has failed to allege facts sufficient to
provide a temporal proximity between the Defendants' alleged knowledge of her engagement in the
protected activity and the alleged adverse employment action.  Plaintiff was denied the position the
first time before she filed her suit of sex/gender discrimination with the SDHR and EEOC. Id. at
¶43.  Thus, filing the suit was not a "substantial motivating factor" of the first denial of the position.
As to the second denial of the position, Plaintiff does not allege facts that her "protected conduct
played a substantial part in the adverse action taken against her."  Plaintiff may have been denied the
position for any number of reasons, including her receipt of an NOD and the two formal counseling
letters and memos, which were established above as disciplinary actions.  Also, Plaintiff's receipt of
the NOD and formal counseling letters/memos occurred nearly eleven months after she first filed suit

18

with SDHR and EEOC. This time period is too tenuous to support Plaintiff's charge of First

Amendment Retaliation. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001)

(holding that action taken 20 months after protected activity suggests no causal connection and citing

with approval cases that held that intervals of three and four months were too long). Therefore, since

there is no causal connection between Plaintiff's "protected speech" and the "adverse action", the

complaint should be dismissed.

## POINT IV

### A.     Plaintiff's New York State Human Rights Law Claims Are Barred by the Eleventh Amendment to the United States Constitution

This Court lacks subject matter jurisdiction over Plaintiff's New York Human Rights

Law claims insofar as it is brought against DOCS and the State. The Eleventh Amendment bars suits

in federal court for any kind of relief against a state, its agencies, and its entities, in the absence of

the state's unequivocal waiver of its immunity or a valid abrogation of the state's immunity by

Congress. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-100, 104 S.Ct. 955, 961

(1984). "The Eleventh Amendment bars suits against states by their own citizens in federal court for

. . . violations of state or federal laws in the absence of waiver by the state or abrogation by

Congress." Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1361 (1974). It is well settled law,

that, "[n]othing in [New York's Human Rights Law] provides any basis for finding that New York

State has waived its Eleventh Amendment immunity." Lee v. NY State Dept of Health, et al., 2001

U.S. Dist. LEXIS 11287, *22 (S.D.N.Y. March 21, 2001), citing, Phipps v. New York State Dep't of

Labor, 53 F.Supp.2d 551, 558 (N.D.N.Y. 1999); Cassells v. University Hospital at Stony Brook, 740

F. Supp. 143, 147 (E.D.N.Y. 1990) (Eleventh Amendment bars pendent Human Rights Law claims).

Accordingly, Plaintiff's HRL claim against the Defendants are barred by the Eleventh Amendment.

19

## B.     Plaintiff's State Human Rights Law Claims Are Barred by the Election of Remedies Doctrine

Insofar as Plaintiff is attempting to proceed with a claim arising under the Executive

Law, she is precluded from doing so because she already elected to raise her gender discrimination

claims in an administrative complaint to the SDHR rather than in a court action.  N.Y. Executive

Law § 297(9), the election of remedies provision, provides in pertinent part that:

> Any person claiming to be aggrieved by an unlawful discriminatory
> practice shall have a cause of action in any court of appropriate
> jurisdiction for damages and such other remedies as may be
> appropriate, unless such person had filed a complaint hereunder or
> with any local commission of human rights,...

(emphasis added).

In Emil v. Dewey, 49 N.Y.2d 968, 969 (1980), the New York Court of Appeals held

when a party files a complaint with the SDHR regarding alleged discrimination, that party is

thereafter barred from "commencing an action" in court regarding that discrimination.  See also

Marine Midland Bank v. New York State Div. of Human Rights, 75 N.Y.2d 240, 245 (1989) (once

complainant elects administrative forum subsequent judicial action on same complaint is generally

barred); Pan American World Airways v. New York State Human Rights Appeal Bd., 61 N.Y.2d

542, 548 (1984) (remedies of administrative review through SDHR or judicial review are mutually

exclusive); see also Brown v. Lawrence Stevens Fashions, Inc., 2004 U.S. Dist. LEXIS 5354 at *3

(S.D.N.Y. March 30, 2004)(once plaintiff elects remedies by filing administrative complaint with

SDHR plaintiff may not later bring suit in federal court under same statute).

This rule has been applied by courts in the Second Circuit on state law claims.  See,

e.g., Moodie v. Federal Reserve Bank, 58 F.3d 879 (2d Cir. 1995) (holding Section 297(9) is a

jurisdictional bar to state law claims first brought before the SDHR); York v. Ass'n of the Bar of

N.Y., No. 01-7908, 2002 U.S. App. LEXIS 5947 (2d Cir. Apr. 3, 2002)(holding State Executive Law

claims barred in federal court where plaintiff filed first with the SDHR); Woodcock v. Montefiore
Med. Ctr., supra, 48 F. Supp. 2d at 236 (dismissing state law claims where plaintiff first filed a
complaint with the SDHR).

        Here, Plaintiff filed her Executive Law discrimination complaint with the SDHR on
July 3, 2006. See Complaint at ¶6. By Determination and Order After Investigation, dated
September 13, 2007, the SDHR dismissed her complaint, finding no probable cause to believe that
the DOC had engaged in any discriminatory practices. See Dawkins Dec. Ex. D.

        Because Plaintiff's Executive Law claims were addressed and decided by the SDHR,
Plaintiff is now jurisdictionally barred by Executive Law § 297(9) from asserting her claims in this
action. See e.g., Moodie, 58 F.3d at 884; Dapelo v. Banco Nacional de Mexico, 767 F. Supp. 49, 51
(S.D.N.Y. 1991); and Woodcock, 48 F. Supp.2d at 236. Accordingly, the Court lacks subject matter
jurisdiction over Plaintiff's Executive Law claims.

### POINT V

## THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE HUMAN RIGHTS LAW CLAIMS AND BREACH OF CONTRACT CLAIMS AGAINST INDIVIDUAL DEFENDANTS

        Plaintiff's fifth and sixth cause of action should be dismissed against the individual
Defendants because the Court lacks subject matter jurisdiction over New York's Human Rights Law
and breach of contract claims. Pursuant to New York Correction Law § 24, all state law claims
against New York corrections officials acting within the scope of their employment while
discharging their duties lie only against the state and must be brought in the New York Court of
Claims. Baker v. Coughlin, 77 F.3d 12, 15 (2d Cir. 1996) (Eleventh Amendment and Correction
Law § 24 preclude pendent state law claims against officers and employees of DOCS sued in their
personal capacities). New York Correction Law §24 provides in relevant part:

> 1.      No civil action shall be brought in any court of the state, except
> by the attorney general on behalf of the state, against any officer or
> employee of [DOCS], in his personal capacity, for damages arising
> out of any act done or the failure to perform any act within the scope
> of the employment and in the discharge of the duties by such officer
> or employee.
>
> 2.      Any claim for damages arising out of any act done or the failure to
> perform any act within the scope of the employment and in the discharge
> of the duties of any officer or employee of the department shall be brought
> and maintained in the court of claims as a claim against the state.

N.Y. Corr. Law §24 (McKinney 1997).

The purpose behind New York Correction Law §24 is clear. The legislature

recognized that corrections officers should be permitted to "perform the demanding task of

maintaining safety and security within correctional facilities 'undeterred by the fear of personal

liability and vexatious suits, which could substantially impair the effective performance of a

discretionary function.'"  Ierardi v. Sisco, 119 F.3d at 187(quoting Arteaga v. State, 72 N.Y.2d 212,

222 (1988)).

In Baker v. Coughlin, 77 F.3d 12, 15 (2d Cir. 1996), the Second Circuit held that

New York Correction Law §24 "requires that state law claims for damages against corrections

officers 'shall be brought ...[as] claims against the state.'" As the Second Circuit explained,

Correction Law §24, "by its plain terms, precludes the assertion of claims against corrections officers

in any court, including the federal courts."  Id.  at 15.  As the Second Circuit further noted, quoting

from its prior decision in Promisel v. First American Artificial Flowers, Inc., 943 F.2d 251 (2d Cir.

1991), cert. denied, 502 U.S. 1060 (1992),

> ....a federal court exercising pendent jurisdiction, standing in the shoes of a state
> court, must follow the state's jurisdictional determination and not allow that claim to
> be appended to a federal law claim in federal court.

See also Moodie v. Federal Reserve Bank, 58 F.3d 879, 884 (2d Cir. 1995), quoted with approval in

Baker (Id., at 15) ([A] state law depriving its courts of jurisdiction over a state law claim also

operates to divest a federal court of jurisdiction to decide the claim.). See also Ierardi, 119 F.3d at

187 (citing Baker, at 15). Thus, breach of contract cases may only be brought in New York's Court

of Claims. Cajuste v. Lechworth Development Disabilities Serv., No. 03 Civ. 0161, 2005 U.S. Dist.

LEXIS 82, at *9-10 (S.D.N.Y. Jan.4, 2005).

There can be no question that in the instant case, Plaintiff's breach of contract and

New York's Human Rights Law claims against individual Defendants should properly have been

brought in the New York State Court of Claims. In short, under New York Correction Law §24, any

claims of breach of contract and violations of New York's Human Rights Law against Defendants

Williams, Brocco, Munafo, Haines, Van Valkenburg, and Murry are barred. Baker, at 14-15.

Therefore, the complaint must be dismissed.

## POINT VI

### PLAINTIFF'S CLAIMS IN THE THIRD, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION AGAINST THE STATE, DOCS AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment bars the assertion of Plaintiff's claims against the State,

DOCS and the individual Defendants in their official capacities in the Third, Fifth, Sixth and Seventh

Causes of Actions.

The Eleventh Amendment to the United States Constitution bars a suit in federal

court by a citizen of a state against that state, or one of its agencies, for legal or equitable relief,

absent its consent to such a suit or an express statutory waiver of immunity. See Puerto Rico

Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144-45 (1993); Will v. Michigan

Dep't of State Police, 491 U.S. 58, 66 (1989); and Pennhurst State School & Hosp. v. Halderman,

465 U.S. 89, 98-101 (1984).

23

Similarly, the Eleventh Amendment bars suits in federal court by citizens of a state against state officials in their official capacity for any relief under federal law other than prospective equitable relief. <u>See</u>, <u>e.g.</u>, <u>Pennhurst</u>, 465 U.S. at 101; <u>Dube v. State University of New York</u>, 900 F.2d 587, 594 (2d Cir. 1990), <u>cert</u>. <u>denied</u>, 501 U.S. 1211 (1991).

The State of New York has not consented to suit in federal court and does not consent to this suit against its agencies and officials. <u>See</u> <u>Trotman v. Palisades Interstate Park Comm.</u>, 557 F.2d 35, 38-40 (2d Cir. 1977). Additionally, Congress did not expressly override the states' immunity in enacting 42 U.S.C. § 1983. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 343 (1979); <u>Santiago v. N.Y.S. Dep't of Correctional Svc.</u>, 945 F.2d 25, 29-30 (2d Cir. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 1094 (1992). Thus, Plaintiff's claims against the State, DOCS and the individual Defendants in their official capacities in the Third, Fifth, Sixth and Seventh Causes of Actions must fail.

24

## CONCLUSION

For the foregoing reasons state Defendants' partial motion to dismiss the complaint

pursuant to Fed. R. Civ. P. 12(b) should be granted in its entirety.

Dated: New York, New York
     June 30, 2008

Respectfully submitted,

ANDREW CUOMO
Attorney General of the
 State of New York
Attorney for Defendants
By:

JULINDA DAWKINS
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8118

JULINDA DAWKINS
Assistant Attorney General
of Counsel

25