UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JACQUELYN WHITE,                                             08-CV-0993 (JGK)(DCF)

                Plaintiff,                **DEFENDANTS'**
-against-                                                    **ANSWER TO THE COMPLAINT**


DEPARTMENT OF CORRECTIONAL SERVICES                          ECF case
("DOCS"), NEW YORK STATE,
SUPERINTENDENT JOSEPH WILLIAMS,
DEPUTY SUPERINTENDENT OF SECURITY
NICHOLAS BROCCO (retired), ACTING DEPUTY                     This document has been
SUPERINTENDENT OF SECURITY                                   electronically filed.
SALVATORE MUNAFO, LT. RONALD HAINES,
LT. GEORGE VAN VALKENBURG, AND
LT. ROBERT MURRAY,
SUED IN THEIR INDIVIDUAL AND
PROFESSIONAL CAPACITY,

                Defendants.
----------------------------------------------------------X

      Defendants, State of New York, New York State Department of Correctional Services ("DOCS"), Joseph Williams, Nicholas Brocco, Salvatore Munafo, Ronald Haines, George Van Valkenburg and Robert Murray ("defendants"), by their attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answer plaintiff's complaint as follows:

NATURE OF ACTION

      1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to seek the relief contained therein and to the extent that paragraph "1" attempts to state legal argument, no response is required.

2. Deny the truth of the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to seek the relief contained therein.

## JURISDICTION

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction based upon federal questions and pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C. 1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. 2000e through 2000e(15).

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to seek redress under the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the New York State Constitution and New York State Executive Law §296.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the Court's pendent jurisdiction.

## PREREQUISITES FOR TITLE VII
## DISCRIMINATION IN EMPLOYMENT ACTS

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit the plaintiff filed a complaint dated July 3, 2006 with the New York State Division of Human Rights and authorized them to accept the complaint on behalf of the United States Equal Employment Opportunity Commission ("EEOC").

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the complaint filed with the New York State Division of Human Rights and EEOC charged DOCS with sex discrimination in violation of the New York State Human Rights Law and Title VII of the Civil Rights Act of 1964.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the EEOC issued a "Dismissal and Notice of Rights" ("EEOC Notice"), which stated that the EEOC had adopted the findings of the state or local fair employment practices agency that investigated plaintiff's charge and informed plaintiff that she may pursue the matter in Court.

9. Deny the allegations set forth in paragraph "9" of the complaint that the EEOC advised plaintiff that she had completed the prerequisites to file suit in Federal Court and deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff received the EEOC Notice on November 3, 2007 or that this lawsuit was commenced within ninety (90) days of receipt of the EEOC Notice.

## VENUE

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff alleges that the matter is properly venued in this Court for the reasons set forth in that paragraph.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff alleges that the matter is properly venued in this Court for the reasons set forth in this paragraph.

## PARTIES

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff is female, to the extent that paragraph "13" attempts to state legal argument, no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff is employed by DOCS and is stationed at Lincoln Correctional Facility ("Lincoln") located at 31 West 110th Street, New York, New York.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that defendants Joseph Williams, George Van Valkenburg and Robert Murray are employed with DOCS in a supervisory capacity and defendants Nicholas Brocco, Salvatore Munafo and Ronald Haines were employed by DOCS in a supervisory capacity.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that Joseph Williams is the Superintendent at Lincoln and, in that capacity, he supervised plaintiff or plaintiff's immediate supervisors and that plaintiff purports to sue him in his individual and official capacities.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that Salvatore Munafo was the Administrative Lieutenant/ Acting Captain at Lincoln and, in that capacity, he supervised plaintiff or plaintiff's immediate supervisors and that plaintiff purports to

sue him in his individual and official capacities.

19.  Deny the allegations set forth in paragraph "19" of the complaint, except admit that Nicholas Brocco was employed by DOCS and was the Deputy Superintendent for Security at Lincoln and, in that capacity, he supervised plaintiff or plaintiff's immediate supervisors and that plaintiff purports to sue him in his individual and official capacities.

20.  Deny the allegations set forth in paragraph "20" of the complaint, except admit that Ronald Haines was employed by DOCS as a Lieutenant at Lincoln and, in that capacity, he supervised plaintiff or plaintiff's immediate supervisors and that plaintiff purports to sue him in his individual and official capacities.

21.  Deny the allegations set forth in paragraph "21"of the complaint, except admit that George Van Valkenburg is employed as a Lieutenant with DOCS at Lincoln and, in that capacity, he supervised plaintiff or plaintiff's immediate supervisors and that plaintiff purports to sue him in his individual and official capacities.

22.  Deny the allegations set forth in paragraph "22" of the complaint, except admit that Robert Murray is employed as a Lieutenant with DOCS at Lincoln and, in that capacity, he supervised plaintiff or plaintiff's immediate supervisors while plaintiff was employed at Lincoln and that plaintiff purports to sue him in his individual and official capacities.

23.  Deny the allegations set forth in paragraph "23" of the complaint, except admit that the defendants were acting under color of law at the times alleged in the complaint and state that defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether they were "acting under color of law and under color of their authority as supervisors and policy makers at Lincoln Correctional Facility and the State of New York" as that

term is undefined and, therefore, deny same.

## FACTS

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff has been employed by DOCS since 1986 and has worked at Bedford Hills Correctional Facility and Lincoln.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff held the position of Relief Officer for the Release Process Booth and Officer in Charge.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28"of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff filed a complaint with the Occupation Safety and Health Administration ("OSHA").

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that the position of Release Process Booth was a non-gender specific position and that it involved the taking of urine samples and performing strip frisks of inmates coming and going to work or on home furloughs.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff holds the position of Relief Officer for the Release Process Booth.

35. Deny the allegations set forth in paragraph "35" of the complaint, except admit that on occasion a male personnel has been utilized for strip searches and urine testing, if there is no male personnel working that bid position.

36. Deny the allegations set forth in paragraph "36" of the complaint, except admit that a notice dated May 3, 2006 for Post 0032, requested a bid from male correction officers for the Release Process Booth/ O.I.C., Tour II, Squad 8 position.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint, except admit that plaintiff submitted a bid for the position of Release Process Booth/Officer.

42. Deny the allegations set forth in paragraph "42" of the complaint, except admit that plaintiff's bid was denied.

43. Deny the allegations set forth in paragraph "43" of the complaint, except admit that plaintiff filed a complaint dated July 3, 2006 simultaneously with the New York State Division of Human Rights and the EEOC.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint, except admit that

plaintiff was issued a Notice of Discipline on May 29, 2007 for leaving her post without authorization and for being insubordinate on April 14, 2007.

46. Deny the allegations set forth in paragraph "46" of the complaint, except admit that plaintiff filed grievance number DIS07-0353.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit plaintiff was issued a formal counseling letter dated June 15, 2007 for an incident occurring on May 31, 2007.

48. Deny the allegations set forth in paragraph "48" of the complaint, except admit that plaintiff was informed by correspondence dated July 12, 2007 that the counseling letter she received on June 15, 2007 was appropriate and would not be removed from her folder.

49. Deny the allegations set forth in paragraph "49" of the complaint, except admit that plaintiff was counseled for allowing an inmate to pass outside Lincoln without proper authorization.

50. Deny the allegations set forth in paragraph "50" of the complaint, except admit that on plaintiff's Performance Evaluation Rating Form for the evaluation period of May 19, 2006 to May 19, 2007, she received a designation of excellent for overall performance.

51. Deny the allegations set forth in paragraph "51" of the complaint, except admit that defendant Murray included a statement disagreeing with the assessment of plaintiff's overall performance for the evaluation period May 19, 2006 to May 19, 2007.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that plaintiff's January 2008 bid for the position was unsuccessful.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint, to the extent that paragraph "55" attempts to state legal argument, no response is required.

56. Deny the allegations set forth in paragraph "56" of the complaint, except admit that plaintiff was not given the Release Booth/O.I.C. bid position.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT AS AMENDED AGAINST THE DEFENDANT, NEW YORK STATE AND DEPARTMENT OF CORRECTIONAL SERVICES

60. Defendants restate their answers to paragraphs "1-59" as if fully stated herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO TITLE VII FOR A HOSTILE WORK ENVIRONMENT AGAINST DEFENDANT DOCS AND THE STATE OF NEW YORK

68. Defendants restate their answers to paragraphs "1-67" as if fully stated herein.

69. Defendants' response to paragraphs 69 to 75 are contained in a motion for partial dismissal which was filed with the Court on June 30, 2008.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983 AGAINST INDIVIDUAL DEFENDANTS

70. Defendants restate their answers to paragraphs "1-75" as if fully stated herein.

71. Defendants' response to paragraphs 77 to 82 are contained in a motion for partial dismissal which was filed with the Court on June 30, 2008.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR AN INJUNCTION

72. Defendants restate their answers to paragraphs "1-82" as if fully stated herein.

73. Deny the allegations set forth in paragraph "84" of the complaint.

74. Deny the allegations set forth in paragraph "85" of the complaint.

75. Deny the allegations set forth in paragraph "86" of the complaint, to the extent that this paragraph attempts to state legal argument, no response is required.

76. Deny the allegations set forth in paragraph "87" of the complaint.

77. Deny the allegations set forth in paragraph "88" of the complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION BASED ON
### NEW YORK STATE EXECUTIVE LAW §296
### NEW YORK STATE CONSTITUTION AND HUMAN RIGHTS LAW
### <u>AGAINST ALL DEFENDANTS</u>

78.   Defendants restate their answers to paragraphs "1-88" as if fully stated herein.

79.   Defendants' response to paragraphs 90 to 93 are contained in a motion for partial dismissal which was filed with the Court on June 30, 2008.


### AS AND FOR A SIXTH CAUSE OF ACTION BASED
### <u>UPON BREACH OF CONTRACT AGAINST DEFENDANTS</u>

80.   Defendants restate their answers to paragraphs "1-93" as if fully stated herein.

81.   Defendants' response to paragraphs 95 to 100 are contained in a motion for partial dismissal which was filed with the Court on June 30, 2008.


### AS AND FOR A SEVENTH CAUSE OF ACTION BASED
### UPON NEGLIGENT HIRING, SUPERVISION
### AND RETENTION OF THE INDIVIDUAL DEFENDANTS
### <u>AGAINST DOCS AND THE STATE OF NEW YORK</u>

82.   Defendants restate their answers to paragraphs "1-100" as if fully stated herein.

83.   Defendants' response to paragraphs 102 to 106 are contained in a motion for partial dismissal which was filed with the Court on June 30, 2008.


### <u>JURY TRIAL</u>

84.   Deny except admit that plaintiff requests a Jury trial.

## PRAYER FOR RELIEF

85. With respect to the "Prayer for Relief" set forth in the complaint at pages 22 through 23, to the extent that it merely summarizes plaintiff's legal contentions, no response is required. Otherwise, to the extent that a response is required, defendants deny any wrongdoing by defendants or that there is any basis for plaintiff's claims or for him to recover any damages or any other relief requested therein.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

86. Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

87. To the extent plaintiff's complaint was not filed within ninety days of plaintiff's receipt of a Notice of Right to Sue, the complaint is jurisdictionally defective.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

88. To the extent that the complaint is based upon the conduct not the subject of a timely filed charge of discrimination, plaintiff's claims are barred for failure to exhaust administrative remedies. See 42 U.S.C. § 2000e-5 (e)(1).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

89. Compensatory damages are limited to the amounts authorized by 42 U.S.C. § 1981 a (b)(3)(D).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

90. 42 U.S.C. §1981a(b)(1) bars plaintiff from recovering punitive damages against a

government entity for violation of Title VII. Insofar as plaintiff seeks punitive damages, such damages cannot be asserted against defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

91. All of the employment decisions made by defendants or actions taken by defendants were made for legitimate, non-discriminatory reasons.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

92. Notwithstanding defendants' denials and previous affirmative defenses herein, and without admitting Plaintiff's allegations, to the extent that plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendants affirmatively state that they would have taken the same action in the absence of such impermissible motivating factor.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

93. To the extent plaintiff has failed to mitigate her damages, she is barred from recovering from defendants. See 42 U.S.C. § 2000e-5 (g)(1).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

94. Defendants are immune from liability in that at all times relevant hereto, they acted without malice, in good faith and under the reasonable belief that their actions were proper and in accordance with existing law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

95. Any actions taken by the defendants were job related and consistent with business necessity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

96.     The injunctive relief sought by plaintiff, in whole or in part, does not fall within the criteria set forth in 18 U.S.C.A. §3626 (1997) as there are other adequate remedies available to the courts.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

97.     The Eleventh Amendment to the United States Constitution prohibits the individual defendants from being sued in their official capacities and prohibits suit against the State of New York and/or one of its agencies.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

98.     Defendants exercised reasonable care to investigate, prevent and correct promptly any allegedly harassing or retaliatory behavior and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendants or otherwise avoid harm.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

99.     Plaintiff's Title VII claim is barred by the doctrines of res judicata and collateral estoppel.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

100.    This Court lacks jurisdiction over the subject matter of the causes of action set forth in the complaint in that the constitutional claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over the state law claims.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

101.    Plaintiff's Title VII claim is barred by the laches doctrine.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

102. Although defendants denies that plaintiff was exposed to a hostile work environment, defendants assert that they exercised reasonable care to prevent and correct promptly any harassing or retaliatory behavior, and that plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

103. To the extent defendants discover during the course of this action that plaintiff engaged in any conduct which would warrant discharge under defendants' policies, plaintiff's right to recover damages beyond the date of such discovery will be abridged.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

104. To the extent that plaintiff's hostile environment claim is based on timely and untimely conduct, all untimely acts are barred by laches.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

105. Plaintiff does not have standing to assert the rights of third parties.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

106. Plaintiff's New York State Executive Law §296 claims are statutorily barred under Executive Law §297(9) because of Plaintiff's election to assert them before the New York State Division of Human Rights.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

107. All state law claims against the individual Defendants Williams, Brocco, Munafo, Haines, Van Valdenburg, and Murray are barred by New York Correction Law §24.

WHEREFORE, defendants demand judgment dismissing this action, with costs, disbursements and such other and further relief as the Court may deem appropriate.

Dated: New York, New York
      June 30, 2008

                    ANDREW M. CUOMO
                    Attorney General of the
                    State of New York
                    <u>Attorney for Defendants</u>

By: _____
      JULINDA DAWKINS (JD 2831)
      Assistant Attorney General
      120 Broadway
      New York, New York 10271
      (212) 416-8118

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Answer to Plaintiff's Complaint was served, via ECF on June 30, 2008 on:

>   Mr. Rocco G. Avallone, Esq.
>   Cronin & Byczek, LLP
>   Attorneys and Counselors at Law
>   The Fountains at Lake Success
>   1983 Marcus Avenue, Suite C-120
>   Lake Success, NY 11042

Julinda Dawkins (JD 2831)