UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
JACQUELYN WHITE,

                              Plaintiff,


        - against -

DEPARTMENT OF CORRECTIONAL SERVICES            Docket No.
("DOCS"), NEW YORK STATE, SUPERINTENDENT       08 CV 0993 (JGK)(DCF)
JOSEPH WILLIAMS, DEPUTY SUPERINTENDENT OF
SECURITY NICHOLAS BROCCO (retired),
Acting DEPUTY SUPERINTENDENT OF SECURITY
SALVATORE MUNAFO, LT. RONALD HAINES,
and LT. GEORGE VAN VALKENBURG, LT. ROBERT
MURRAY sued in their individual and
professional capacity,

                              Defendants.
------------------------------------------X



**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ....................................... i

PRELIMINARY STATEMENT ...................................... 2

STATEMENT OF FACTS ......................................... 3

ARGUMENT ................................................... 4


POINT I

      PLAINTIFF'S COMPLAINT SUFFICIENTLY SETS FORTH
      A CLAIM UPON WHICH RELIEF MAY BE GRANTED ............ 4


POINT II

      PLAINTIFF'S HOSTILE WORK ENVIRONMNET
      CLAIM SHOULD NOT BE DISMISSED ...................... 6


POINT III

      PLAINTIFF'S SECTION 1983 CLAIMS HAVE
      BEEN [PROPERLY PLED IN SATISFACTION OF
      FEDERAL RULES OF CIVIL PROCEDURE ................... 11


POINT IV

      PLAINTIFF CONSENTS TO WITHDRAW HER
      NEW YORK STATE HUMAN RIGHTS CLAIM
      AGAINST THE STATE OF NEW YORK ...................... 13

**POINT V**

PLAINTIFF CONSENTS TO WITHDRAW HER NEW YORK
STATE HUMAN RIGHTS AND BREACH OF CONTRACT
CLAIMS AGAINST THE STATE OF NEW YORK . . . . . . . . . . . . . . . 13

**POINT VI**

PLAINTIFF CONSENTS TO WITHDRAW HER NEGLIGENT
HIRING, TRAINING, SUPERVISION AND RETENTION
CLAIM AGAINST DOCS AND THE STATE OF NEW YORK . . . . . . . . 13

**POINT VII**

PLAINTIFF CONSENTS TO WITHDRAW HER SECTION
1983 CLAIM AGAINST INDIVIDUAL DEFENDANTS . . . . . . . . . . . 14

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

Alfano v. Costello
294 F.3d 365, 373 (2d Cir. 2002) ....................... 8,9

Brown v. Coach Stores, Inc.
163 F.3d 706 (2d. Cir. 1998) .............................. 5

Butts v. City of New York Dept. of Hous.
Pres. & Devel., 990 F.2d 1397 (2d Cir. 1993) .............. 6

Conley v. Gibson, 355 U.S.41, 47,
78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) .................... 5

De La Cruz v. New York City Human Resources
Admin., 82 F.3d 16, 20 (2d Cir. 1996) .................... 5

Francis v. City of New York
235 F.3d 763 (2d Cir. 2000) .............................. 6

Geisler v. Petrocelli
616 F.2d 636, 639 (2d. Cir. 1980) ........................ 6

Harris v. Fork Lift Sys. Inc.
510 U.S. 17, 23 (1993) ................................... 9

Hoffman v. Empire Blue Cross and
Blue Shield, 1999 WL 782518 (S.D.N.Y.) ................... 6

Hughes v. Rowe, 449 U.S. 5, 10
101 S.Ct. 173, 66 L.Ed.2d 163 (1980) ..................... 5

Leibowitz v. Cornell University
445 F.3d 586, 592 (2d Cir. 2006) ........................ 10

Mandell v. County of Suffolk
316 F.3d 368, 382 (2d Cir. 2003) ........................ 12

McNight v. Dormitory Authority of State of
New York, et al., 995 F.Supp. 70, 79 (N.D.N.Y. 1998) ....... 8

New York State Law Officers Union v.
Andreucci, 433 F.3d 320, 328 (2d Cir. 2006) .............. 10

Oncale v. Sundowner Offshore Serv., Inc.
523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) .... 8

Padavan v. United States
82 F.3d 23, 26 (2d. Cir. 1996) ........................... 5

Perry v. Ethan Allen, Inc.
115 F.3d 143, 149 (2d Cir. 1997) ......................... 8

Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.
893 F.Supp. 285, 291 (S.D.N.Y. 1995) ..................... 5

Richardson v. New York State Department of
Corr. Serv., 180 F.3d 426, 437-38 (2d Cir. 1999) ......... 9

Rodriguez v. Beechmont Bus Service, Inc.
173 F.Supp.2d 139, 145 (S.D.N.Y. 2001) ................... 5

Salahuddin v. Cuomo
861 F.2d 40, 42 (2d. Cir. 1988) .......................... 5

Scheuer v. Rhodes, 416 U.S. 232
at 236, 94 S.Ct. 1683 (1974) ........................... 4,6

Swierkiewicz v. Sorema N.A.
534 U.S. 506, 510 (2002) ................................ 10

Valmonte v. Bane
18 F.3d 992, 998 (2d Cir. 1994) ......................... 12

Whidbee v. Garzarelli Food Specialties,
Inc., 223 F.3d 62, 70 (2d Cir. 2000) .................... 10

York v. Ass'n of the Bar
286 F3d 122, 125 (2d Cir. 2002) ......................... 12

**Statutes**

42 U.S.C. § 1983 ......................................... 2

U.S. Constitution – Eleventh Amendment .............. 2,13,14

**Rules**

Federal Rules of Civil Procedure 8(a)(2) ............... 5,10

Federal Rules of Civil Procedure 12(b)(1) ................. 2

Federal Rules of Civil Procedure 12(b)(6) .............. 2,4

**New York State Law**

NYS Correction Law § 24 .............................. 2,13

NYS Executive Law § 296 .............................. 2,13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
JACQUELYN WHITE,

                              Plaintiff,


        - against -


DEPARTMENT OF CORRECTIONAL SERVICES          Docket No.
("DOCS"), NEW YORK STATE, SUPERINTENDENT     08 CV 0993
JOSEPH WILLIAMS, DEPUTY SUPERINTENDENT OF
SECURITY NICHOLAS BROCCO (retired),
Acting DEPUTY SUPERINTENDENT OF SECURITY
SALVATORE MUNAFO, LT. RONALD HAINES,
and LT. GEORGE VAN VALKENBURG, LT. ROBERT
MURRAY sued in their individual and
professional capacity,

                              Defendants.
------------------------------------------X




**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**




                    **CRONIN & BYCZEK, LLP**

                    Rocco G. Avallone (RA8055)
                    Attorneys for Plaintiff,
                    JACQUELYN WHITE
                    1983 Marcus Avenue, Suite C-120
                    Lake Success, New York 11042
                    (516) 358-1700




                              1

## PRELIMINARY STATEMENT

Plaintiff, Jacquelyn White, by her attorneys Cronin & Byczek LLP submits this Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and granting such other and further relief as this Court deems just and appropriate.

Defendants' Motion to Dismiss the Complaint is based primarily upon its erroneous contention that (1) Plaintiff's Title VII hostile work environment claim (Second Claim) should be dismissed for failure to state a claim; (2) Plaintiff's §1983 due process and equal protection claims (Third Claim) should be dismissed for failure to state a claim; (3) Plaintiff's §1983 First Amendment retaliation claim should be dismissed for failure to state a claim; (4) Plaintiff's NYS Executive Law §296 claims (Fifth Claim) should be dismissed for failure to state a claim against the State and DOCS are barred by the Eleventh Amendment; (5) Plaintiff's NYS Executive Law §296 claims (Fifth Claim) are statutorily barred under Executive Law §297(9) because of Plaintiff's election to assert them before the New York State Division of Human Rights; (6) NYS Executive §296 claims (Fifth Claim) and Plaintiff's Breach of Contract claims (Sixth Claim) against individual defendants are barred by COL §24; and Plaintiff's Third, Fourth, Sixth and Seventh Claims against the State, DOCS and the individual defendants in their official capacities are barred by the Eleventh Amendment.

## STATEMENT OF FACTS

Plaintiff, Jacquelyn White, was and still is an employee of defendant, New York State and DOCS as a Correction Officer from May 19, 1986 to the present. Prior to May 3, 2006, plaintiff had performed on numerous occasions the duties of the post known as Release Process Booth, which was a non-gender specific position. Said position required the female and male correction officers to, among other duties, take urine samples and perform strip frisks of both male and female inmates coming and going to work or on home furloughs.  The Release Process Booth post has always had at least one female correction officer assigned and at times, as many as three female officers, plaintiff being one of those officers.  On May 3, 2006, DOCS posted a bid job for the Release Process Booth post as a result of a correction officer's retirement.

Plaintiff applied for said bid post but was denied, despite being the most qualified applicant.  On July 3, 2006, plaintiff filed a complaint of sex and gender discrimination with EEOC and New York State Division of Human Rights.  On or about April of 2007, plaintiff also complained to her Supervisors and Union regarding being discriminated against based on her sex/gender. Within one month of her complaints to the defendants and Union, plaintiff was retaliated against by being issued a Notice of Discipline regarding an allegation of a minor infraction that customarily is never issued to other male correction officers. Plaintiff filed a grievance through her Union objecting to the issuance of said Notice of Discipline.  Plaintiff has continuously

been harassed by her immediate supervisors as a result of her complaints of gender discrimination. Plaintiff refers this Honorable Court to her Federal Lawsuit Complaint which is attached to the Declaration of Julinda Dawkins, Esq. as Exhibit "A", ¶¶ 24-59, which clearly illustrates the continuous retaliatory treatment that plaintiff has suffered and continues to endure. In fact, there have been other instances of harassment and retaliation against the plaintiff which have occurred after the filing of the Federal Lawsuit. For example, on or about May 2008, plaintiff was threatened/"blackmailed" by DOCS to discontinue her Federal lawsuit in exchange for a lesser penalty in regards to her disciplinary matter. Obviously plaintiff refused said unlawful offer and suffered a severe monetary punishment from DOCS. Plaintiff requests to amend her Complaint in order to include this latest retaliatory conduct on the part of the defendants.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S COMPLAINT SUFFICIENTLY SETS FORTH A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Standard of Review: On a Motion to Dismiss under Rule 12(b)(6), the issue is "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232 at 236, 94 S.Ct. 1683 (1974). It is well settled that in order to withstand a Motion to Dismiss under Rule 12(b)(6), a plaintiff need only set forth his/her claims in the Complaint with such detail as will give defendants fair notice of the nature of the

claims and the grounds upon which the claims rest. Conley v. Gibson, 355 U.S.41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Padavan v. United States, 82 F.3d 23, 26 (2d. Cir. 1996)(quoting Hughes v. Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Under the relaxed Federal pleading requirements, it is enough that the pleading "contain 'a short and plain statement of the claim' sufficient to put the [adverse party] on notice of the grounds for which the [claimant] seeks relief." Reuben H. Donnelley Corp. v. Mark I Mktg. Corp., 893 F.Supp. 285, 291 (S.D.N.Y. 1995)(Connor, J.)(quoting *FED.R.CIV.P. 8(a)(2)*). Dismissal under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised". Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d. Cir. 1988); Rodriguez v. Beechmont Bus Service, Inc., 173 F.Supp.2d 139, 145 (S.D.N.Y. 2001).

Moreover, the level of proof a plaintiff is required to present in order to establish a *prima facie* case of discrimination is low. De La Cruz v. New York City Human Resources Admin., 82 F.3d 16, 20 (2d Cir. 1996). As such, the pleading requirements in discrimination cases are very lenient, even *de minimus.* Brown v. Coach Stores, Inc., 163 F.3d 706 (2d. Cir. 1998).

In deciding a Motion to Dismiss for Failure to State a Claim, the Court's function is "merely to assess the legal feasibility of

the complaint, not to assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d. Cir. 1980); *see also* Scheuer, *supra*; Hoffman v. Empire Blue Cross and Blue Shield, 1999 WL 782518 (S.D.N.Y.).

As can be gleaned from a review of the facts and allegations set forth in the Complaint in the case at bar, and more fully demonstrated below, plaintiff has clearly set forth her claims in the Complaint with sufficient detail to put defendants on notice of the nature of plaintiff's claims and the grounds on which plaintiff's claims rest.

## POINT II

### PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM SHOULD NOT BE DISMISSED

A.  Plaintiff has exhausted her administrative remedies

Defendants are correct that the exhaustion of administrative remedies "is a pre-condition to bringing a Title VII claim in Federal Court" as stated in Francis v. City of New York, 235 F.3d 763 (2d Cir. 2000). However, in Butts v. City of New York Dept. of Hous. Pres. & Devel., 990 F.2d 1397 (2d Cir. 1993), the controlling authority in the Second Circuit regarding unexhausted claims ruled that the plaintiffs in Title VII cases could pursue not only claims that were administratively exhausted before the EEOC, but also claims that were "reasonably related" to the EEOC charge. Butts at 1402-03.

Claims not raised in a charge filed with

the EEOC may be brought in a Title VII
action where conduct complained of would
fall within the scope of EEOC investiga-
tion which would reasonably be expected
to grow out of charge of discrimination,
<u>particularly where EEOC charges were
filled out by employees without benefit
of counsel, with primary purpose to
alert EEOC to discrimination that
employee claimed to be suffering.</u>
(emphasis added)

<u>Butts</u> at 1402.

The charge filed by plaintiff, JACQUELYN WHITE, on July 3,
2006 with New York State Division of Human Rights and the EEOC was
done so without the benefit of counsel.  See Exhibit "C" attached
to Declaration of Julinda Dawkins.  The law office of Cronin &
Byczek was not retained by the plaintiff until October 12, 2007,
as documented by a letter sent to Mr. Wilson Ortiz at the New York
State Division of Human Rights, attached to Declaration of Rocco
G. Avallone as Exhibit "A".

Plaintiff's hostile environment claim is undoubtedly
reasonably related to her claim that the defendants discriminated
against her based on her sex/gender.  The retaliatory and hostile
work environment that resulted from plaintiff's filing of a charge
of discrimination with the EEOC and New York State Division of
Human Rights are reasonably related to the administrative
complaint.  Defendants argue that because plaintiff's
administrative complaint did not reference any of the hostile work
environment or retaliatory conduct on the part of the defendants
against her, these claims should be dismissed.  Defendants'
argument "is in conflict with the Second Circuit's instruction
that post-EEOC allegations of retaliatory conduct are 'reasonably

related' to a prior administrative complaint, because 'the
principle benefits of EEOC involvement, mediation of claims and
conciliation are much less likely to result' *Butts,* 990 F.2d at
1402." As stated in McNight v. Dormitory Authority of State of
New York, et al., 995 F.Supp. 70, 79 (N.D.N.Y. 1998), "to adopt
defendants' argument would defeat the purpose of administrative
remedies because no plaintiff would file charges of retaliation if
this were the case."

Despite plaintiff not mentioning the words "hostile",
"retaliation" or "abusive work environment", said incidences which
encompass the meaning of these words were subsequent to the filing
of the administrative complaint and was in fact related to the
initial charge of discrimination. As such, plaintiff's hostile
work environment claim should not be dismissed.

B.    Plaintiff has alleged numerous incidents to substantiate her
hostile work environment claim

In order to prevail on a hostile work environment claim
under Title VII, a plaintiff must show that "the harassment was
'sufficiently severe or pervasive to alter the conditions of the
victim's employment and create an abusive working environment."
Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) (quoting
Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997));
see also Oncale v. Sundowner Offshore Serv., Inc., 523 U.S. 75,
78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (stating that a hostile
work environment is created "[w]hen the workplace is permeated

with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment"). This test has objective and subjective elements: (a) the misconduct must be severe or pervasive enough to create an objectively hostile or abusive work environment and (b) the victim must also subjectively perceive that environment to be abusive. See Alfano, 294 F.3d at 374.

Among the factors to consider when determining whether an environment is sufficiently hostile are: (a) the frequency of the discriminatory conduct; (b) its severity; (c) whether it is physically threatening or humiliating or a mere offensive utterance; and (d) whether it unreasonably interferes with an employees' work performance. See Harris v. Fork Lift Sys. Inc., 510 U.S. 17, 23 (1993).

In determining whether a hostile environment exists, the Court must look at the totality of the circumstances. See Richardson v. New York State Department of Corr. Serv., 180 F.3d 426, 437-38 (2d Cir. 1999).

An employer is presumed to bear absolute liability in cases where, as here, the harassment is perpetrated by the victim's supervisor, although an employer may interpose an affirmative defense to rebut that assumption. Since White maintains that the harassment was perpetrated by her supervisors, and the State or DOCS have offered no such defense, plaintiff has satisfied the requirement that she show a specific basis for imputing the conduct to the State.

The test for establishing a hostile working environment is whether the harassment is of such quality or quantity that a reasonable employee would find the conditions of employment altered for the worst.  See Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 70 (2d Cir. 2000).

The Supreme Court has held that in asserting an employment discrimination claim, a complaint need only comply with the pleading standard of Federal Rules of Civil Procedure 8(a).  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002).  Thus, the complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 512.  In the case at bar, the complaint provides numerous allegations of adverse employment actions taken against the plaintiff, including numerous inappropriate disciplinary actions, and continuous denial of a bid post despite being the most qualified.  Plaintiff has alleged that such pervasive harassment occurred as a direct result of the alleged gender discrimination complaints.

Whether the employment actions taken by the defendants qualify as "adverse", "severe" and "pervasive" harassment for the purposes of Title VII is a fact specific inquiry.  See New York State Law Officers Union v. Andreucci, 433 F.3d 320, 328 (2d Cir. 2006).  Therefore, whether there is sufficient evidence to support plaintiff's claim is a question to be resolved at a later stage of litigation.  Leibowitz v. Cornell University, 445 F.3d 586, 592 (2d Cir. 2006).

In addition, plaintiff has listed a hostile working

environment claim as a separate cause of action and not made only in support of her other claims. Since plaintiff's filing of a complaint of sex/gender discrimination her workplace at the correctional facility was permeated with intimidation that was sufficiently severe and/or pervasive that it altered the conditions of her work environment including being pressured and "blackmailed" by DOCS on or about May 2008 for exchange of discontinuing this Federal lawsuit, plaintiff would not be disciplined harshly. Plaintiff respectfully requests to amend her complaint to include this egregious, severe and unlawful act on the part of the defendant as another example of the hostile work environment.

### POINT III

**PLAINTIFF'S SECTION 1983 CLAIMS HAVE
BEEN PROPERLY PLED IN SATISFACTION
OF FEDERAL RULES OF CIVIL PROCEDURE**

Defendants argue in their Motion for partial dismissal that plaintiff received procedural due process. The resolution of this issue is premature since no discovery has been conducted in regards to any of the claims alleged in plaintiff's complaint. In fact, we have yet to exchange Initial Rule 26 Disclosure or appear before the Court for an Initial Pre-Trial Conference for the purpose of creating a Case Management Schedule. Defendants' arguments are more appropriately made in a Summary Judgment Motion at the conclusion of all discovery.

Plaintiff has adequately pled that her speaking out

regarding gender discrimination within the work place by
complaining to DOCS and her Union regarding certain positions,
i.e., Release Process Booth post, was only being offered to male
officers and her complaints to her supervisors and the Occupation
Safety and Health Administration ("OSHA") about health risks
regarding paint fumes in the work place does qualify as speech
which addressed matters of public concern.  Plaintiff should have
an opportunity to satisfy the test stated in Mandell v. County of
Suffolk, 316 F.3d 368, 382 (2d Cir. 2003).  Plaintiff has alleged
enough facts in her complaint to show that her liberty and/or
property interests were deprived as a result of her speech.

Plaintiff is not obligated to establish a due process
violation at this stage of the litigation.  Again, there has been
zero discovery in this case.  Plaintiff deserves the opportunity
to make a prima facie case and is entitled to litigate this
matter to the point of exhausting all discovery procedures
afforded her per the Federal Rules of Civil Procedure.

Therefore, plaintiff has adequately asserted enough facts in
her complaint which confer a cognizable right of action.  "The
issue is not whether a plaintiff will ultimately prevail but
whether the claimant is entitled to offer evidence to support the
claims."  York v. Ass'n of the Bar, 286 F3d 122, 125 (2d Cir.
2002).  "A court should only dismiss a suit under Rule 12(b)(6)
if it appears beyond doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him to relief."
Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir. 1994).  As such,
defendants' request to dismiss plaintiff's Section 1983 due

process and equal protection claims and First Amendment retaliation claims should be denied in its entirety.

## POINT IV

### PLAINTIFF CONSENTS TO WITHDRAW HER NEW YORK STATE HUMAN RIGHTS CLAIM AGAINST THE STATE OF NEW YORK AND DOCS

Plaintiff consents to withdraw the Fifth Cause of Action based on her New York State Human Rights Law § 296 claim as it applies to DOCS and the State of New York only pursuant to the Eleventh Amendment.

## POINT V

### PLAINTIFF CONSENTS TO WITHDRAW HER NEW YORK STATE HUMAN RIGHTS AND BREACH OF CONTRACT CLAIMS AGAINST INDIVIDUAL DEFENDANTS

Plaintiff consents to withdraw her Fifth and Sixth Causes of Action against individual defendants pursuant to the Eleventh Amendment and New York Correction Law § 24.

## POINT VI

### PLAINTIFF CONSENTS TO WITHDRAW HER NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION CLAIM AGAINST DOCS AND THE STATE OF NEW YORK

Plaintiff consents to withdraw her Seventh Cause of Action against the State of New York and DOCS pursuant to the Eleventh Amendment.

POINT VII

PLAINTIFF CONSENTS TO WITHDRAW HER
SECTION 1983 CLAIM AGAINST INDIVIDUAL DEFENDANTS

Plaintiff consents to withdraw her Third Cause of Action against the individual defendants in their official capacities pursuant to the Eleventh Amendment.

CONCLUSION

For the reasons enumerated above, defendants' Motion to Dismiss plaintiff's Complaint should be denied.

Dated:    Lake Success, New York
          July 30, 2008

Respectfully submitted,

CRONIN & BYCZEK, LLP

By:  _Rocco G. Avallone_
     ROCCO G. AVALLONE (RA 8055)
     Attorneys for Plaintiff,
     JACQUELYN WHITE
     1983 Marcus Avenue - Suite C-120
     Lake Success, New York 11042
     (516) 358-1700

14

*Index No.* ____    *Year 20* __

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELYN WHITE,

                                        Plaintiff,

        – against –

DEPARTMENT OF CORRECTIONAL SERVICES ("DOCS"), NEW YORK STATE,
SUPERINTENDENT JOSEPH WILLIAMS, et al.,

                                        Defendants.

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Cronin & Byczek, LLP**
**1983 Marcus Avenue – Suite C120**
**Lake Success, New York 11042**
**(516) 358-1700**

*To:*

*Attorney(s) for*

*Service of a copy of the within*                          *is hereby admitted.*

*Dated:*

        ................................................................

                          *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐         *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*          *20*
ENTRY

☐         *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF                     *one of the judges of the within named Court,*
SETTLEMENT *at*
          *on*                    *20*        *, at*          *M.*

*Dated:*

                          **Cronin & Byczek, LLP**
                          **1983 Marcus Avenue – Suite C120**
                          **Lake Success, New York 11042**
                          **(516) 358-1700**

*To:*

*Attorney(s) for*

N912 CL