UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JACQUELYN WHITE,

                                Plaintiff,

   -against-

DEPARTMENT OF CORRECTIONAL SERVICES
("DOCS"), NEW YORK STATE,
SUPERINTENDENT JOSEPH WILLIAMS,
DEPUTY SUPERINTENDENT OF SECURITY
NICHOLAS BROCCO (retired), ACTING DEPUTY
SUPERINTENDENT OF SECURITY
SALVATORE MUNAFO, LT. RONALD HAINES,
LT. GEORGE VAN VALKENBURG, AND
LT. ROBERT MURRAY,
SUED IN THEIR INDIVIDUAL AND
PROFESSIONAL CAPACITY,

                                Defendants.
------------------------------------------------------------------X

**Original Filed by ECF**

08-CV-0993 (JGK)(DCF)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' PARTIAL MOTION TO DISMISS

                            ANDREW M. CUOMO
                            Attorney General of the State of New York
                            <u>Attorney for Defendants</u>
                            120 Broadway
                            New York, New York 10271
                            (212) 416-8118

JULINDA DAWKINS
Assistant Attorney General
  <u>of Counsel</u>

## TABLE OF CONTENTS

Page

Table of Authorities .................................................................. ii

Preliminary Statement ................................................................ 1

Argument ........................................................................... 2

POINT I     -     PLAINTIFF'S SECOND CAUSE OF ACTION
                  SHOULD BE DISMISSED ..................................... 2

    A.   Plaintiff Has Failed to Exhaust Her Administrative Remedies ................ 2

    B.   Plaintiff has failed to Allege Sufficient Facts
        to Support Her Claim of Hostile Work Environment ....................... 3

POINT II    -     THE THIRD CAUSE OF ACTION SHOULD BE DISMISSED
                  FOR FAILURE TO STATE A FEDERAL CLAIM .................. 5

    A.   Plaintiff Does Not State a Due Process Claim ............................ 5

    B.   Plaintiff Does Not State an Equal Protection or
        First Amendment Retaliation Claim ................................... 6

POINT III   -     PLAINTIFF CANNOT AMEND HER COMPLAINT IN HER
                  OPPOSITION .............................................. 6

CONCLUSION ....................................................................... 7

## TABLE OF AUTHORITIES

**CASES**                                                                                                   Page

Alfano v. Costello,
    294 F.3d 365 (2d Cir. 2002) ............................................. 4

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................ 3, 5, 6

Cajuste v. Lechworth Developmental Disabilities Serv.,
    2005 U.S. Dist. LEXIS 82 (S.D.N.Y. Jan. 4, 2005) ............................. 1

Faragher v. City of Boca Raton,
    524 U.S. 775, 141 L. Ed. 2d 662, 118 S. Ct. 2275 (1998) ......................... 5

Leibowitz v. Cornell University,
    445 F.3d 586 (2d Cir. 2006) ............................................. 3

Little v. NBC,
    210 F. Supp. 2d 330 (S.D.N.Y. 2002) ..................................... 2, 5

Meritor Sav. Bank, FSB v. Vinson,
    477 U.S. 57, 91 L. Ed. 2d 49, 106 S. Ct. 2399 (1986) ............................ 5

New York State Law Officers Union v. Andreucci,
    433 F.3d 320 (2d Cir. 2006) ............................................. 3, 4

O'Dell v. Trans World Entertainment Corp.,
    153 F. Supp. 2d 378 (S.D.N.Y. June 28, 2001) ............................... 5

Ortega v. New York City Off-Track Betting Corp.,
    1999 U.S. Dist. LEXIS 7948 (S.D.N.Y. May 27, 1999) ......................... 4

Polanco v. City of N.Y. Department of Corrections,
    2002 U.S. Dist. LEXIS 3108 (S.D.N.Y. 2002) ................................ 6

Pustilnik v. Hynes,
    1998 U.S. Dist. LEXIS 21950 (E.D.N.Y. July 21, 1998) ........................ 2

Swierkiewicz v. Sorema, N.A.,
    534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ............................ 3

Walsh v. National Westminster Bancorp.,
    921 F. Supp. 168 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Wright v. Ernst & Young LLP,
    152 F.3d 169 (2d Cir. 1998),
    cert. denied, 525 U.S. 1104 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**United States Constitution**

First Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 6

**FEDERAL STATUTES**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) and (6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATE STATUTES**

N.Y. Ct. Cl. Act § 8 and § 9(2) (McKinley's 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**PRELIMINARY STATEMENT**

This memorandum of law is submitted in response to Plaintiff's opposition and in further support of Defendants, New York State Department of Correctional Services ("DOCS"), New York State, Superintendent Joseph Williams, Nicholas Brocco, Salvatore Munafo, Ronald Haines, George Van Valkenburg and Robert Murray's ("Defendants") partial motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the grounds that (a) Plaintiff's Title VII hostile work environment claim (Second Cause of Action) should be dismissed for failure to state a claim and (b) Plaintiff's § 1983 due process, equal protection and First Amendment retaliation claims (Third Cause of Action) should be dismissed for failure to state a claim.  As set forth below, and in Defendants' moving papers, Plaintiff fails to state any claim of a constitutional violation and therefore, the Second and Third Cause of Actions should be dismissed.

In her opposition, Plaintiff agrees to withdraw the Fifth and Seventh Causes of Action against DOCS and the State of New York.  See Plaintiff's Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss Plaintiff's Complaint dated July 30, 2008 (hereinafter "Opposition"), p. 13-14.  Plaintiff also agrees to withdraw the Sixth and Seventh Causes of Action against the individual Defendants and the Third Cause of Action against the individual Defendants in their official capacities.[1]  Id.

---

[1] Plaintiff failed to withdraw her breach of contract claim (the Sixth Cause of Action) against the State and DOCS.  As previously argued, the State and DOCS are entitled to Eleventh Amendment immunity from such a suit without its consent.  See Cajuste v. Lechworth Developmental Disabilities Serv., 2005 U.S. Dist. LEXIS 82 (S.D.N.Y. Jan. 4, 2005).  In Cajuste, the court dismissed the Plaintiff's breach of contract claim stating that the State of New York had only consented to a suit for the breach of contract in the Court of Claims and thus, Plaintiff was precluding from bringing such a claim in federal court.  Id. at *9-10, citing, N.Y. Ct. Cl. Act § 8and § 9(2) (McKinley's 1989).  Similarly, here the State and DOCS are immune from suit on Plaintiff's breach of contract claim.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S SECOND CAUSE OF ACTION
SHOULD BE DISMISSED**

**A.     Plaintiff Has Failed to Exhaust Her Administrative Remedies**

Plaintiff's opposition does nothing to rebut the fact that she has failed to exhaust her administrative remedies with respect to the hostile environment claims because it was not asserted in the complaint filed with the SDHR/EEOC.  Plaintiff argues that her hostile environment claim is reasonably related to her claim that the Defendants discriminated against her based on her sex/gender.  See Opposition, p. 7.  Plaintiff argues that "the retaliatory and hostile work environment" resulted from Plaintiff's filing her charge of discrimination.  Id. However, as previously argued by Defendants, Plaintiff's hostile environment claim is not reasonably related to her claim that Defendants discriminated against her on the basis of her sex under the Butts' categories.[2]  See Pustilnik v. Hynes, 1998 U.S. Dist. LEXIS 21950, 13-14 (E.D.N.Y. July 21, 1998)(finding plaintiff's claims not reasonably related to claims made in plaintiff's EEOC charge); see also Little v. NBC, 210 F. Supp. 2d 330, 375 (S.D.N.Y. 2002)(plaintiff Hogan's claim of hostile work environment dismissed because she failed to include any allegations of hostile work environment or other sexual harassment in her NYSDHR Charge).   Here, Plaintiff never raised her hostile environment claim before the SDHR/EEOC and thus this claim was not investigated by the SDHR.  See Walsh v. National Westminster Bancorp., 921 F. Supp. 168, 172 (S.D.N.Y. 1995)("The relevant inquiry is

---

[2] Despite Plaintiff's contention, Defendants did not move to dismiss Plaintiff's retaliation claim for failure to exhaust, only the claim of hostile environment.  Plaintiff conflates these claims.

whether the EEOC could reasonably be expected to investigate the . . . claims based on the allegations contained in the charge" ). Thus, Plaintiff's claim of hostile work environment should be dismissed for failure to exhaust her administrative remedies.

**B.    Plaintiff has failed to Allege Sufficient Facts
to Support Her Claim of Hostile Work Environment**

Plaintiff opposes the Defendants' motion by arguing that whether the Defendants actions were "adverse," "severe" and "pervasive" should be resolved at a later stage in the litigation. Plaintiff mistakenly cites to Leibowitz v. Cornell University, 445 F.3d 586, 592 (2d Cir. 2006), and New York State Law Officers Union v. Andreucci, 433 F.3d 320, 328 (2d Cir. 2006), in support of this proposition. However, Leibowitz is distinguishable because, there, the issue was whether Plaintiff had established a prima facie case of discrimination in her Complaint. The district court's dismissal of the Complaint was reversed due to the Supreme Court's decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). In Swierkiewicz the Supreme Court held that "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 591 (citations omitted). Defendants do not contend that plaintiff must plead a prima facie case - only that she must meet the governing standard of pleading a plausible claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,1965, 167 L. Ed. 2d 929 (2007). New York State Law Officers Union is also distinguishable because the issue, there, was whether the revocation of Plaintiff's full-time union leave was an adverse employment action for purposes of Plaintiff's First Amendment retaliation claim. 433 F.3d 320, 328 (2d Cir. N.Y. 2006). The court held that since there was no bright line definition of

what an adverse employment action is, the issue should not have been decided as a matter of law. Id.

However, to prevail on a hostile work environment claim, a Plaintiff must show that the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002); see also Ortega v. New York City Off-Track Betting Corp., 1999 U.S. Dist. LEXIS 7948, *11 (S.D.N.Y. May 27, 1999)( plaintiff's hostile work environment claim was dismissed because the facts alleged failed to support the claim that defendant's actions "created [an] atmosphere that was abusive or hostile because of plaintiff's race, ethnicity or sex -- i.e., that the alleged hostile environment was created by race-related, ethnicity-related, or sex-related conduct on the part of the defendant"). Here, Plaintiff's hostile environment claim should be dismissed because the instances alleged in the Complaint fail to raise any inference that this allegedly hostile work environment was created as a result of Plaintiff's sex or any other protected status, or that they were sufficiently severe or pervasive.

Plaintiff also argues that Defendants have failed to put forward an affirmative defense to rebut the presumption of absolute liability where the harassment is perpetrated by a supervisor. See Opposition at p. 9. However, this argument is irrelevant because defendants did not assert the affirmative defense on this motion to dismiss.[3] In any event, an employer is only strictly liable where the harassment is accompanied by an adverse employment action. See Faragher v. City of Boca Raton, 524 U.S. 775, 807, 141 L. Ed. 2d 662, 118 S. Ct. 2275

---

[3]Defendants reserve the right to assert such an affirmative defense at a later stage of the litigation, such as on a motion for summary judgment.

(1998). Here, plaintiff alleges only a hostile environment - not an adverse employment action, and the affirmative defense is available in such cases. In any event, an employer will only be held vicariously liable if the Plaintiff establishes a sexual harassment claim. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 91 L. Ed. 2d 49, 106 S.Ct. 2399 (1986); Little v. NBC, 210 F. Supp. 2d 330, 392 (S.D.N.Y. 2002)(citing O'Dell v. Trans World Entm't Corp., 153 F. Supp. 2d 378, 388 (S.D.N.Y. June 28, 2001)). Here, Plaintiff has not alleged that she was sexually harassed therefore, Defendants did not have to address that issue.

## POINT II

### THE THIRD CAUSE OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A FEDERAL CLAIM

Plaintiff alleges that her constitutional rights were violated. However, her allegations do not give rise to a claim under 42 U.S.C. § 1983, because Plaintiff fails to articulate any violation of a right secured to her by either the Constitution of the United States or the laws of the United States.

**A.      Plaintiff Does Not State a Due Process Claim**

Plaintiff argues that dismissal of her substantive due process claim on a motion to dismiss is premature because there has been no discovery conducted. See Opposition at p. 11-12. However, the Supreme Court has held that a Complaint is required to state "enough factual matter (taken as true) to support the elements of the claim." See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,1965, 167 L. Ed. 2d 929 (2007). Plaintiff is required to provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of

action." Id. at 1964-65 (citations, quotations marks, and alterations omitted). Additionally, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. at 1965. Here, Plaintiff has not properly pled a cause of action for the deprivation of any property or liberty interest. Plaintiff has failed to allege any activity that rises to the level of a deprivation of a liberty or a property interest. Furthermore, Plaintiff's opposition does nothing to identify what liberty or property interest was violated, she only conclusorily asserts that "her liberty and/or property interests were deprived as a result of her speech." See Opposition at p. 11-12. Therefore, this claim must be dismissed.

**B.     Plaintiff Does Not State an Equal Protection or
        First Amendment Retaliation Claim**

Plaintiff's opposition only discusses the due process claim. See Opposition at p. 11-13. Presumably, Plaintiff has no viable rebuttal argument regarding the equal protection and retaliation claims, and they should be dismissed.

### POINT III

### PLAINTIFF CANNOT AMEND HER COMPLAINT IN HER OPPOSITION

In her opposition papers, Plaintiff requests permission to amend her complaint to allege an additional instance of retaliation. See Opposition, p. 4 and p. 11. However, an opposition is not the place to seek to amend the complaint. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998), cert. denied, 525 U.S. 1104 (1999); Polanco v. City of N.Y. Dept. of Corrections, 2002 U.S. Dist. LEXIS 3108 at *7 (S.D.N.Y. 2002) ("[i]t is well established that a

6

plaintiff may not amend his pleading through papers offered in opposition to a motion ...") (collecting cases).

Nevertheless, Plaintiff's argument that she was subjected to retaliation on or about May 2008 is without merit. See Opposition, p. 4 and p. 11. The instance referred to by Plaintiff involved an effort by DOCS to resolve all of Plaintiff's claims in a global settlement prior to the arbitration of the disciplinary charges stemming from the May 29, 2007, Notice of Discipline. See Complaint at ¶45.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant the Defendants' partial motion to dismiss Plaintiff's complaint.

Dated: New York, New York
      August 15, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorney for Defendants
By:

   /s/ Julinda Dawkins
JULINDA DAWKINS
Assistant Attorney General
120 Broadway - 24th Floor
New York, New York 10271
(212) 416-8118

JULINDA DAWKINS
Assistant Attorney General
of Counsel